HENRY STEDEKER, Respondent, *v.* HENRY O. BERNARD, Appellant.

A stipulation must be so clear as to leave no doubt of the intention of the party to cut off his right to appeal before it will be so construed.

An order for judgment having been granted herein, on motion to set aside defendant's answer as improperly verified, sham and frivolous, defendant moved to open default and for leave to serve amended answer, which was granted, but the order was reversed, on appeal, by the General Term. On appeal to this court from order of General Term, defendant gave an undertaking to the effect that if said order was affirmed or appeal dismissed, he would pay any judgment entered upon the original order. The order appealed from was affirmed and judgment entered. *Held,* that defendant was not estopped by the undertaking from appealing from the judgment; that the clause referred to was satisfied by holding it to relate to the final judgment in the action.

(Argued October 15, 1883; decided October 26, 1883.)

THIS was a motion to dismiss an appeal from a judgment of the General Term of the Court of Common Pleas of the city

and county of New York, which affirmed a judgment in favor of plaintiff, entered upon an order granted January 16, 1882, setting aside defendant's answer as improperly verified, and as sham and frivolous.

The action was originally brought against the defendant above-named and two others, as partners, constituting the firm of H. O. Bernard & Co., upon a check purporting to have been given by that firm. They united in an answer which was set aside as above stated, with leave, however, to the other two defendants to serve an amended answer. Defendant Bernard thereafter moved for leave to open his default and permit him to answer over. This motion was granted at Special Term, but on appeal to the General Term the order granting it was reversed. Said defendant thereupon appealed to this court, giving an undertaking that " if the said order appealed from, or any part thereof, is affirmed, or the appeal is dismissed, the appellant will pay any judgment that may be entered, pursuant to the order for judgment of January 16, 1882, aforesaid." The order so appealed from was affirmed, and judgment was thereupon entered upon said order of January 16, as above stated.

*N. C. Moak* for motion. Defendant's undertaking estopped him from appealing. (*Townsend* v. *Masterson S. D. Co.*, 15 N. Y. 587; *Godfrey* v. *Moser*, 66 id. 250; Code, § 11, subd. 2.) Defendant must be considered as seeking to take a benefit from the order of January 16, 1882, and on this ground his appeal should not be entertained. (*Bennet* v. *Van Syckel*, 18 N. Y. 481; *Ubsdell* v. *Root*, 3 Abb. Pr. 142; *Radway* v. *Graham*, 4 id. 468; *Lewis* v. *Irving Ins. Co.*, 15 id. 140.) Where there exists an election between inconsistent remedies, the party is confined to the remedy which he first prefers and adopts. (*Rodermund* v. *Clark*, 46 N. Y. 354, 357; *Morris* v. *Rexford*, 18 id. 552; *Moller* v. *Tuska*, 87 id. 166.) Plaintiff having received no consideration for the surrender of its right of appeal, there are no facts which enable the defendants to invoke the doctrine of estoppel against it. (*O. & L. C. R. R. Co.* v. *V. & C. R. R. Co.*, 63 N. Y. 176.) Collateral

matters not appearing on the record appealed from may be made the basis of a motion like the present. (*Townsend* v. *Masterson Stone Dressing Co.*, 15 N. Y. 587; *Lanman* v. *Lewiston R. R. Co.*, 18 id. 493; *Ubsdell* v. *Root*, 3 Abb. Pr. 142; *Radway* v. *Graham*, 4 id. 468; *Lewis* v. *Irving Ins. Co.*, 15 id. 140.)

*James M. Smith* opposed. The claim of plaintiff that defendant is estopped from appealing by the terms of the undertaking given by him is untenable. (Code, § 190.)

*Per Curiam.* We think this motion should be denied. The claim of the respondent to dismiss the appeal rests upon a clause in an undertaking entered into by the defendant on the appeal to this court from the order of the General Term; among other things, vacating and setting aside an order of the Special Term opening a default of the appellant and permitting him to answer. The particular clause in that undertaking upon which the respondent relies, provides that if the order appealed from, or any part thereof, is affirmed, or the appeal is dismissed, the appellant will pay any judgment that may be entered pursuant to the order for judgment of January 16, 1882. The order from which the appeal was taken was affirmed in this court, and judgment was subsequently entered against the appellant, pursuant to the order of January 16, 1882, from which the present appeal is taken. It is now claimed that this provision in the undertaking prevents the appellant from maintaining the appeal from the judgment. A stipulation barring the right of appeal given by law should be very clear in its terms and should leave no doubt of the intention of the party to cut himself off from the right of appeal, before it should be so construed. The clause relied upon is we think satisfied by holding it to relate to the final judgment in the action, and we think it should be so construed.

The motion to dismiss should, therefore, be denied, with $10 costs.

All concur.

Motion denied.