---

(47 App. Div. 317.)

### In re OPENING OF LUDLOW ST.

(Supreme Court, Appellate Division, Second Department. January 9, 1900.)

APPEAL—NOTICE—QUESTIONS PRESENTED.

Where an appeal is taken from an order of the special term of the supreme court confirming commissioners' report assessing damages and benefits on land affected by the opening of a street, in accordance with Yonkers City Charter (Laws 1895, c. 635) tit. 7, and there is no appeal from the order appointing the commissioners, and the notice of appeal expresses no intention to bring up such order for review, and the order appealed from expressly states that it is without prejudice to the rights of the parties under the provisions of the grade crossing act (Laws 1897, c. 754), such appeal brings up only the question as to whether the commissioners have correctly exercised their functions in imposing assessments and making awards.

Appeal from special term, Westchester county.

Proceedings to open Ludlow street, in the city of Yonkers. From an order confirming commissioners' assessment on land affected by

the improvement, the New York Central & Hudson River Railroad Company appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, HATCH, and WOODWARD, JJ.

Ira A. Place (Robert A. Kutschbock, on the brief), for appellant.

James B. Ludlow, for respondent property owners.

James M. Hunt, for respondent City of Yonkers.

WILLARD BARTLETT, J.  This is a proceeding conducted in conformity with the provisions of the charter of Yonkers to lay out and open a street in that city.  Laws 1895, c. 635, tit. 7.  The petition, praying that the street should be laid out across the steam surface railroad of the appellant, was presented to the common council of Yonkers on November 23, 1896.  That body did not resolve that the improvement should be made until April 11, 1898.  Meantime the legislature had enacted the statute commonly known as the "Grade Crossing Law," which took effect on July 1, 1897.  Laws 1897, c. 754.  The position of the appellant upon the present appeal is that this enactment became applicable to the city of Yonkers upon the day it took effect, notwithstanding the special provisions of law in the charter of that city in reference to the opening of streets, and hence that the present proceeding is invalid so far as it assumes to authorize the laying out and construction of the proposed street on, over, or under the appellant's railroad line.  There is much force in the arguments which are advanced in support of this view.  The manner in which the question is raised, however, precludes us from deciding it upon this appeal.  The appellant has brought up for review simply the order of the special term confirming the report of the commissioners of assessment.  There appears to be no appeal from the original order appointing the commissioners, nor does the notice of appeal from the order of confirmation express any intention to bring up the prior order for review.  But an appeal from the order confirming the report of commissioners of assessment in a street-opening matter does not bring up any question relating to the regularity or validity of the proceeding.  It involves only the question whether the commissioners have correctly exercised their functions in imposing the necessary assessments and making the necessary awards.  In re Department of Public Parks, 85 N. Y. 459; In re Grand Boulevard and Concourse, 33 App. Div. 210, 53 N. Y. Supp. 331.  This rule, clearly recognized by the court of appeals and the appellate division in the cases cited, compels the appellant to resort to some other means of attacking the validity of the proposed street opening across its railroad.  It would seem that the purpose might readily be accomplished by an application to vacate and set aside the entire proceeding as being void, so far as it relates to the crossing of the railroad, or by resisting any steps which may be taken by the city authorities of Yonkers towards the actual construction and opening of that part of the street.  In re Citizens' Waterworks Co., 32 App. Div. 54, 52 N. Y. Supp. 473, is not an authority to the effect that we may properly determine the validity of

the proceeding upon this appeal. In that case, although the appeal was from an order confirming the report of commissioners of appraisal in condemnation proceedings, there was express notice of the appellant's intention to bring up for review a prior judgment which determined that the condemnation of the property in question was necessary for the public use. It was because that judgment was before us, and not merely the order confirming the report of the commissioners, that we were able to reverse the proceeding for noncompliance with the requirements of the statute under which it was conducted. It is to be noted that the order confirming the report of the commissioners of estimate and assessment in the present case contains the following provision: "Ordered, that the report aforesaid is confirmed without prejudice to any rights of the New York Central & Hudson River Railroad Company under the provisions of chapter 754 of the Laws of 1897 ('Grade Crossing Act'), and any amendments of the said act now in force, and reserving any rights which it may have under said act." In affirming that order, as we feel bound to do for the reasons which have been stated, the rights of the appellant under the grade crossing act will still remain unaffected, and it will be at liberty to take such course as it may be advised to raise the principal question which has been argued here in such a manner as to have it judicially determined.

Order affirmed, without costs. All concur.