## In re CAFFREY.

(Supreme Court, Appellate Division, Second Department.   June 22, 1900.)

1. CHANGE OF GRADE—PROCEEDINGS TO DETERMINE DAMAGE—POWER OF COM-
MISSIONERS.
Under Laws 1897, c. 414, § 159, providing that all proceedings before
commissioners appointed to assess damages for a change of grade in a
highway shall be in accordance with the provisions of the condemnation
law, so far as applicable; and Code Civ. Proc. §§ 3369, 3370, making it the
duty of commissioners "to ascertain the compensation to be made to the
owner for the property to be taken," and report to the court,—commis-
sioners appointed to assess damages for a change of grade have no author-
ity to entertain a motion to dismiss the proceedings because of the failure
of the property owner to present to the board of trustees a verified claim
for damages within 60 days after the change of grade was effected.

2. SAME—JURISDICTION—STIPULATION.
A stipulation, between parties to an application for the appointment of
commissioners to assess damages for a change of grade in a highway, that
the commissioners may pass upon and determine the issues raised therein
by the answer, with the same force and effect as though the issues so tried
had been tried before a court or referee, will not give the commissioners
jurisdiction to pass on a motion to dismiss the proceeding, because the
petitioner's notice of claim for damages was not served within 60 days
after the alleged change of grade, as required by Laws 1897, c. 414, §
159, since under Code Civ. Proc. § 3367, jurisdiction to determine any
issue raised by the petition and answer is conferred on the court or
referee.

3. SAME—RIGHT TO APPOINTMENT OF COMMISSION—TIME FOR RAISING QUESTION.
Where a petitioner for the appointment of commissioners to assess
damages for a change of grade in a highway is not entitled to recover
damages because of a failure to present his claim to the board of trus-
tees within 60 days after the change of grade was effected, the question of
his right to recover should be raised on his application for the appoint-
ment of a commission.

4. SAME—RECITALS IN PLEADINGS—JURISDICTION—PRESUMPTION.
Where a petition for the appointment of commissioners to assess dam-
ages for a change of grade shows that a notice of claim was "duly filed"
on a date named, and it is admitted by the answer that claim was filed on
that date, and it is not alleged that the grade was changed more than
60 days previous to the filing of the claim, it will be presumed that the
order of appointment was properly made.

5. SAME—APPEAL—QUESTIONS PRESENTED.
An appeal from an order confirming the report of the commissioners
of assessment for opening a street presents no question of the regularity
or validity of the proceeding, but involves only the question whether
the commission properly discharged its function of ascertaining what com-
pensation, if any, should be made to the petitioner.

Appeal from special term, Westchester county.

Application of James W. Caffrey for the appointment of commis-
sioners to assess damages against the village of North Pelham for a
change of grade in a street.  From an order confirming the report
of the commissioners, the village appeals.  Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS,
WOODWARD, and HIRSCHBERG, JJ.

Henry L. Rupert (William J. Marshall, on the brief), for appellant.
Milo J. White, for respondent.

JENKS, J. In 1898 the village authorities of North Pelham began proceedings for street improvements. The petitioner, under section 159 of charter 414 of the Laws of 1897 (the "Village Law"), filed a claim for damages to his premises by the change and the raising of grades of certain streets. The claim was disputed, and upon the application of the petitioner the special term of this court appointed commissioners to ascertain the damage. On the day of the appointment this stipulation was made:

"It is hereby stipulated, by and between the attorneys for the petitioner above named and the village of North Pelham, that the commissioners appointed herein pass upon and determine the issues raised herein by the answer to the petition herein, with the same force and effect as though the issues so tried had been tried by the court or a referee, upon the application for the appointment of commissioners, as provided by section 3367 of the Code of Civil Procedure (known as the 'Condemnation Law'), and that all the rights of the parties to the above proceeding be, and the same hereby are, reserved to each of said parties in the event of an appeal therefrom taken by either party."

The commission proceeded, and just before the close of the testimony for the petitioner the learned counsel for the village said, "We have the right, after you introduce whatever testimony that you have, to dismiss the proceeding upon the ground of a failure to serve the notice within the statutory time of sixty days from the time of the change of grade." The chairman of the commission said, "All motions are reserved." Thereupon the petitioner rested. At the close of the testimony for the village the attorney moved to dismiss the petition and proceedings on the ground that the "petitioner's notice of claim for damages herein was not served within the statutory period of sixty days after the alleged change of grade," and upon grounds of error in the admission of certain testimony. The motions were denied, under exceptions. The commissioners reported in favor of the petitioner, and after due notice the report was confirmed.

The avowed purpose of this appeal is to obtain a construction of this part of section 159 of chapter 414 of the Laws of 1897: "A person claiming damages from such change of grade must present to the board of trustees a verified claim therefor, within sixty days after such change of grade is effected,"—the question being whether the words, "after such change of grade is effected," refer to when the work was done, or to when the resolution or ordinance adopting the profile was enacted. And it is sought to raise this question by a review of the decision of the commissioners upon the said motion made before them for a dismissal of the proceedings. But the commissioners had no power to entertain such a motion. Section 159 provides in part:

"A person claiming damages from such change of grade must present to the board of trustees a verified claim therefor, within sixty days after such change of grade is effected. The board may agree with such owner upon the amount of damages to be allowed to him. If no agreement be made, within thirty days after the presentation of the claim, the person presenting it may apply to the supreme court for the appointment of three commissioners to determine the compensation to which he is entitled. Notice of the application must be served upon the board of trustees at least ten days before the hearing thereof. All proceedings subsequent to the appointment of the commission-

ers shall be taken in accordance with the provisions of the condemnation law, so far as applicable, except that the commissioners in fixing their award may make an allowance for benefits derived by the claimant from such improvement."

The commissioners under the condemnation law are appointed "to ascertain the compensation to be made to the owners for the property to be taken for the public use specified." Section 3369, Code Civ. Proc. Their duties are to view the premises; to hear the proof and allegations of the parties; to reduce the testimony, if any be taken, to writing; to ascertain and determine the compensation which ought justly to be made to the owners of the property appraised by them; and to report to the court. Section 3370, Id. Under the statute, plainly the sole power conferred upon these commissioners was to assess the damages. The constitution that authorizes such a tribunal limits its functions to the ascertainment of compensation (section 7, art. 1); and, if any further power is to be conferred upon it, it must be done by the legislature alone, within any prohibition of the organic law (In re Village of Middletown, 82 N. Y. 196, 201).

But it is contended that the power to determine the regularity of the proceedings was vested in this commission by the stipulation of the parties. The plain purpose of the statute is to constitute a tribunal to assess damages like unto a jury. The plain purpose of the stipulation is to confer powers upon the tribunal like unto those conferred upon a judge. The statute provides that they shall act as commissioners of condemnation act, whose powers are prescribed by section 3370 of the Code of Civil Procedure. The stipulation would confer the powers defined by section 3367 of that Code, which in express terms confers such powers upon the court or its referee. This question is not even embarrassed by any action of the court below; for it does not appear that the question now up was ever raised before the court, or even mentioned in the report of the commissioners or in the order of confirmation.

Judge Cooley, in his Constitutional Limitations (page 491), writes:

"It is a maxim in the law that consent can never confer jurisdiction; by which is meant that the consent of parties cannot empower a court to act upon subjects which are not submitted to its determination and judgment by the law. * * * Consent is sometimes implied from failure to object, but there can be no waiver of rights by laches in a case where consent would be altogether nugatory."

I am dealing now with jurisdiction not of the person, but of the subject-matter,—a distinction to be kept in mind, but which seems to have been lost sight of by the learned counsel in the case at bar.

In Dudley v. Mayhew, 3 N. Y. 9, the court said:

"It has been long and correctly settled that not even a direct assent by the parties can confer jurisdiction, or render the judgment of a tribunal, in a matter over which it has not by law any cognizance, effectual. Coffin v. Tracy, 3 Caines, 129; Davis v. Packard, 7 Pet. 276, 8 L. Ed. 684."

In Oakley v. Aspinwall, 3 N. Y., at page 552, the court say:

"But where no jurisdiction exists by law it cannot be conferred by consent, especially against the prohibitions of a law which was not designed merely for the protection of the party to a suit, but for the general interest of justice [citing authorities]."

I note that the dissent expressed by Bronson, C. J., did not quarrel with the principle, inasmuch as he wrote, "And, besides, this is not a question of jurisdiction."

In Davidsburgh, v. Insurance Co., 90 N. Y. 530, the court say:

"There are, no doubt, many cases where the court having jurisdiction over the subject-matter may proceed against a defendant who voluntarily submits to its decision, but where the state prescribes conditions under which a court may act those conditions cannot be dispensed with by litigants; for in such a case the particular condition or status of the defendant is made a jurisdictional fact."

See, too, Dakin v. Demming, 6 Paige, 95.

A stipulation or consent may effect jurisdiction of the person, but it cannot cover the action or the subject thereof. Parkhurst v. Machine Co., 65 Hun, 489, 20 N. Y. Supp. 395; Burckle v. Eckhart, 3 N. Y. 132. See, too, Landers v. Railroad Co., 53 N. Y. 450, 460; Wheelock v. Lee, 74 N. Y. 495. If a plaintiff, upon defeat, should raise the objection of nonjurisdiction, the court in Sentenis v. Ladew, 140 N. Y. 463, 35 N. E. 650, were inclined to the opinion that even he might prevail if the court was one where jurisdiction was expressly limited by statute, or if there was some statutory inhibition of jurisdiction in a given case or class of cases. But the case at bar is more flagrant than some of the cases in the authorities, for here is an attempt to transform a jury into judges, and not merely an effort to extend the jurisdiction of a court. Andrews v. Wheaton, 23 Conn. 114; Bishop v. Nelson, 83 Ill. 601; Hoagland v. Creed, 81 Ill. 506. None of the cases cited by the learned counsel for the appellant is at war with the principle applicable to this case. Brady v. Nally, 151 N. Y. 258, 45 N. E. 547, concerned the waiver of incompetency of oral testimony. In Deul v. Trustees, etc., 3 N. Y. 197, the court expressly said that the requirement was not a jurisdictional one. In Sherman v. McKeon, 38 N. Y. 266, the owner of certain premises accepted payment of an award, and was held thereby to renounce the objection that the taking of the property was unconstitutional. Allen v. Commissioners, Id. 312, holds that the state may waive a statutory provision as to payments upon a tax sale within a certain time, as it was a matter of convenience and for the advantage of the state only. Vose v. Cockcroft, 44 N. Y. 415, was an action on a bond given to relieve an attachment under an unconstitutional statute, where it was held that the conduct of the obligor was a waiver. In Phyfe v. Eimer, 45 N. Y. 102, there was a payment under a lease where the statute had protected the tenant against his agreement to pay rent, but the court held that the tenant could, by his agreement, waive a statutory provision in his favor that affected simply his property, and did not involve any consideration of public policy. I fail to see any apparent bearing of De Grove v. Insurance Co., 61 N. Y. 594. Ogdensburgh & L. C. R. Co. v. Vermont & C. R. Co., 63 N. Y. 176, holds that a party may waive his right to appeal, or be deprived of it by stipulation, if that waiver be based upon some consideration or upon estoppel. Wilkinson v. Insurance Co., 72 N. Y. 499, holds that parties to a contract may agree upon a shorter limitation to actions upon it than is fixed by general law. Baird v.

Mayor, etc., 74 N. Y. 382, holds that a party may waive his "private individual right" to a trial by jury instead of by a referee. The principle enunciated in Hilton v. Fonda, 86 N. Y. 339, is that a private person may waive compliance by officials with a statute for his help. Steen v. Insurance Co., 89 N. Y. 315, holds that the consent of the parties could create a new contract of insurance unaffected by the forfeiture of the original contract. In Re Cooper, 93 N. Y. 507, the landowner joined in the application for the appointment of a commissioner, and after the termination of the proceedings moved to vacate them as unconstitutional, and as not complying with the statute, and it was held that there was a waiver of provisions for his benefit upon the principle of election. Sledeker v. Bernard, Id. 589, holds the binding effect of a stipulation not to appeal. The learned counsel, as I have said, fails to mark the distinction between jurisdiction of the person and jurisdiction of the subject-matter. The former may be acquired by consent or by conduct tantamount thereto (McCormick v. Railroad Co., 49 N. Y. 303); not so as to jurisdiction of the subject-matter (authorities supra, and see Wheelock v. Lee, supra).

I need not dwell upon the danger of permitting parties to create tribunals, and thereby to recognize that private compact may have the force of public statute. Private judgment might thus reconstitute the judicial system of the state, and confer upon inferior courts or bodies powers that were never contemplated when they were authorized, but which were, in effect, withheld from them by the wise or the wisdom of the people of the state. I have no doubt that the appellant deemed that it was acting wisely in the public interests of the village in seeking a speedy adjudication, but the public interests of a locality must give way before the public policy of the state. If the petitioner could not avail himself of the statute, the village should have raised that question upon his application for the appointment of the commission; for the statute requires 10 days' notice of the application for the appointment of the commissioners. The petition shows, somewhat vaguely, that the grade was changed during the year 1898, and this is denied by the answer. The petition also shows that a notice of claim was "duly filed" on January 13, 1899, and it is admitted by the answer that such claim was filed on that date, but it is not alleged therein that the grade was changed more than 60 days previous to the filing of the claim. The jurisdiction of a court of general jurisdiction is presumed, and is not questioned unless lack thereof is shown on the trial or appears in the record. Barker v. Steamship Co., 91 Hun, 495, 36 N. Y. Supp. 256, affirmed 157 N. Y. 693, 51 N. E. 1089. We must assume then that the order of appointment was properly made. Further, there is no appeal from that order, and the notice of this appeal does not show any intention to bring up that order upon this appeal. In Re Ludlow St., 47 App. Div. 318, 62 N. Y. Supp. 42, we held that an appeal from an order confirming the report of the commissioners of assessment in a street opening presents no question of the regularity or validity of the proceeding, but involves only the question of correct discharge of the duties of the commission in imposing the necessary assessments

and making the necessary awards. And so the only question here before us is whether the commission properly discharged its function of ascertaining what compensation, if any, should be made to the petitioner. An appeal could have been taken from the order of appointment made by the special term. In re City of Buffalo, 64 N. Y. 547; In re Thomson, 86 Hun, 405, 410, 33 N. Y. Supp. 467, affirmed 147 N. Y. 701, 42 N. E. 726. But the decision of the commission as to the regularity or validity of the proceedings now sought to be reviewed is a nullity. Risley v. Bank, 83 N. Y. 337; In re Walker, 136 N. Y. 29, 32 N. E. 633. The question of the lack of jurisdiction of the commission in the premises can be first raised here. In re Livingston, 34 N. Y. 555, 570; Burk v. Ayers, 19 Hun, 17, 24; Dakin v. Demming, supra. To give effect to this stipulation on the ground of propriety in this case would still make a precedent, and no court should give such play to private compact. Pressing needs make but poor precedents, and precedents may work much mischief, for Bacon has said: "For many times the things deduced to judgment may be meum and tuum when the reason and consequence thereof may touch to point of estate." The only question before the court is whether the order of the special term confirming the report of the commissioners of appraisal, who were appointed to award compensation and made their report of an award, should be confirmed. The appellant claims no error, and we find none.

The order should be affirmed, with costs. All concur.