EUGENE E. HINKLE et al., Respondents, v. JACOB A. ZIMMER-MAN, Appellant.

1. ARBITRATION — APPLICATION OF PARTICULAR CODE PROVISIONS (§§ 2365–2386) TO COMMON-LAW ARBITRATIONS. While chapter 17, title 8, of the Code of Civil Procedure does not affect common-law arbitrations, "except as otherwise especially prescribed" (§ 2386), this clause indicates that there are provisions therein that were intended to include and apply to such arbitrations.

2. COMMON-LAW ARBITRATION — WAIVER OF OATH MUST BE IN WRITING — CODE CIV. PRO. § 2369. Section 2369 of the Code of Civil Procedure, providing that "arbitrators selected either as prescribed in this title *or otherwise* must be sworn, * * * unless the oath is waived by the written consent of the parties to the submission or their attorneys," applies to arbitrators selected under a common-law arbitration; they must be sworn, and where a waiver is relied upon to defeat the award it must be in writing the same as in statutory arbitrations.

*Hinkle* v. *Zimmerman*, 102 App. Div. 616, affirmed.

(Argued February 9, 1906; decided February 16, 1906.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered March 7, 1905, which affirmed a judgment of Special Term setting aside an award in favor of defendant on the submission of a controversy to arbitration.

The facts, so far as material, are stated in the opinion.

*Benjamin G. Paskus* and *Gibson Putzel* for appellant. The statutory oath required by the provisions of section 2369 of the Code may be waived by acts of the parties as well as by written consent. (*Day* v. *Hammond*, 57 N. Y. 479; *Howard* v. *Sexton*, 4 N. Y. 157; *Matter of N. Y., W. S. & B. R. R. Co.*, 35 Hun, 478; *Wassum* v. *Feeney*, 121 Mass. 94; *Johns* v. *Hodges*, 45 Am. Rep. 722; *Cutter* v. *Cutter*, 16 J. & S. 470.)

*James W. McElhinney* for respondents. Under section 2369 of the Code the arbitrators and witnesses must be sworn, even when the submission to arbitration is of such an informal character as to be held a "common-law" submission. (*N. Y.*

*L. & W. W. Co.* v. *Schneider*, 119 N. Y. 475; *Flannery* v. *Sahagian*, 134 N. Y. 85.) A waiver must be evidenced by the written consent of the parties or their attorneys. (*Flannery* v. *Sahagian*, 134 N. Y. 85; Code Civ. Pro. § 2369.)

HAIGHT, J. This action was brought to set aside an award made by arbitrators and an umpire, under a submission of a controversy between the parties hereto, upon the ground that neither the arbitrators nor the umpire took the required statutory oath before entering upon their duties.

The trial court found as facts that the plaintiffs did not know that neither the arbitrators nor umpire had taken the required statutory oath until after the rendition of the said umpire's decision; and that the taking of the required oaths was not waived by the written or verbal consent of the parties or their attorneys, and as conclusion of law that the award rendered was null and void and should be set aside. The appellant contends that the award made was upon a common-law arbitration and that under the evidence the trial court should have found that the oaths of the arbitrators and umpire were waived by the conduct of the parties. We think that the evidence justifies the finding of the trial court, but inasmuch as a question of law is raised with reference to the construction of the Code of Civil Procedure upon the subject we have concluded to determine that question.

It may be conceded that the provisions of chapter seventeen, title eight, of the Code of Civil Procedure generally have reference to statutory arbitrations. The concluding clause of section 2386 is that "except as otherwise expressly prescribed therein, this title does not affect a submission made otherwise than as prescribed therein, or any proceedings taken pursuant to such a submission, or any instrument collateral thereto." As we understand this provision, it was not intended to affect common-law arbitrations "except as otherwise expressly prescribed." It is thus apparent from the exception contained in the provision that there are provisions to be found in the title that were intended to include and apply to common-

law arbitrations. Such an exception is to be found in section 2383, which provides that " A submission to arbitration, made either as prescribed in this title *or otherwise,* cannot be revoked," etc. This provision was considered in the case of *N. Y. L. & W. W. Co.* v. *Schnieder* (119 N. Y. 475, 478), and it was held that the words " or otherwise " necessarily included common-law submissions to arbitration. We also are of the opinion that another exception is to be found in the provisions of section 2369, which provides that " Before hearing any testimony, arbitrators selected either as prescribed in this title *or otherwise* must be sworn, by an officer designated in section 842 of this act, faithfully and fairly to hear and examine the matters in controversy, and to make a just award, according to the best of their understanding; unless the oath is waived by the written consent of the parties to the submission or their attorneys." The words " or otherwise " herein referred to indicate a legislative intent to extend the requirement, that an arbitrator should be sworn, not only to those selected under the provisions of the title, but as well to those selected under a common-law arbitration. This being so, it follows that they must be sworn unless the oath is waived by the written consent of the parties to the submission or their attorneys. The provision with reference to the waiving of the oath was inserted in the revision of the Code in 1880. In considering it in the case of *Flannery* v. *Sahagian* (134 N. Y. 85, 90), we said : " It appears to us that the clause referred to in section 2369 of the Code was intended to provide a rule of evidence from which the question of waiver may be determined. The evidence required to establish such waiver is the written consent of the parties or their attorneys. This requirement is not harsh or unjust. Parties who wish to submit their controversies to arbitration under the provisions of the Code, will find it no more difficult to comply with the provisions of this section than that of any other section. We regard the added provisions, as wise and beneficial. It will tend to relieve the courts and suitors of the numerous motions which were formerly made to set aside reports by reason of irregulari-

ties similar to the one under consideration. Under the former practice, the question as to whether there was or was not a waiver was usually controverted, and had to be determined upon affidavits read upon the motion. This is now disposed of by the provision of the Code, which requires such waiver to be established by the written consent of the parties or their attorneys." In that case we also considered that of *Cutter* v. *Cutter* (16 J. & S. 470) which had reference to a common-law arbitration and we, therefore, held that it was distinguishable upon that ground. But we have now reached the conclusion that we should go farther and expressly over-rule the determination in that case so far as this question is concerned, and that the same rule with reference to evidence required in determining whether or not there was a waiver of the oaths of the arbitrators should apply to common-law arbitrations as well as to those provided by the statute. The reasons for it are apparent; the parties in this case have engaged in a long and expensive litigation through the courts, which under the provisions of the section referred to would have been obviated had the question been determined by the written stipulation of the parties or their attorneys.

The judgment should be affirmed, with costs.

CULLEN, Ch. J., GRAY, EDWARD T. BARTLETT, VANN, WILLARD BARTLETT and CHASE, JJ., concur.

Judgment affirmed, etc.