SIGMUND KRAUTER, Appellant, *v.* PACIFIC TRADING CORPORATION OF AMERICA, INC., Respondent.

First Department, January 14, 1921.

Arbitration — submission of controversy to arbitration committee of New York Produce Exchange — failure of arbitrators to be sworn not evidence of fraud — failure of arbitrators to take oath must be raised before judgment — oath of office taken by members of arbitration committee sufficient compliance with section 2369 of Code of Civil Procedure — judgment vacated because of fraudulent representations by party to arbitration agreement that it was not member of New York Produce Exchange.

A judgment entered on an award made by the arbitration committee of the New York Produce Exchange which has power to hear and determine controversies between non-members will not be set aside or annulled for the failure of the arbitrators to be sworn, as such failure is not evidence *per se* either of " frauds, collusion or corruption."

The objection that the arbitrators failed to take the proper oath, though it would have been fatal to the proceedings if made at any time before

judgment, cannot be urged in an action or other proceeding to vacate or remove the judgment.

The oath of office taken by the members of the arbitration committee of the New York Produce Exchange pursuant to the by-laws thereof, which were adopted under authority of the legislative act providing for arbitration (Laws of 1862, chap. 359, as amd. by Laws of 1912, chap. 291) was sufficient to meet the requirements of section 2369 of the Code of Civil Procedure.

The false representations made by the defendant herein that neither the defendant nor any of its officers or representatives were members of the New York Produce Exchange, which representations were made to induce the plaintiff to sign the arbitration agreement, would justify a court of equity in setting aside the entire proceeding and relieving the plaintiff from his agreement to arbitrate. Therefore, the second amended complaint of the plaintiff containing such allegations states facts sufficient to constitute a cause of action in which the relief demanded is that the award and the judgment entered thereon be vacated, annulled and set aside.

APPEAL by the plaintiff, Sigmund Krauter, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 27th day of August, 1920, sustaining defendant's demurrer to plaintiff's second amended complaint and ordering final judgment to be entered dismissing said complaint, and also from the judgment entered thereon in said clerk's office on the 1st day of September, 1920.

*Samuel A. Fried,* for the appellant.

*Charles M. Travis* of counsel [*Kenneth M. Spence* with him on the brief; *Travis, Spence & Hopkins,* attorneys], for the respondent.

PAGE, J.:

The plaintiff entered into a contract for the purchase from the defendant of certain oil. The plaintiff alleges that the defendant refused to give him a sampling order to enable him to examine and inspect the oil before delivery, and tendered an oil inferior in quality and less in quantity than that required by the contract. Plaintiff notified the defendant of his cancellation and rescission of the order, whereupon the defendant brought an action against the plaintiff in the Supreme Court, New York county, to recover $70,000. The

plaintiff served an answer. Thereafter the parties entered into a written agreement to voluntarily submit all matters in controversy arising out of the contract to the arbitration committee of the New York Produce Exchange, and to abide by such decision as the committee might render. Such proceedings were had that the committee made an award in favor of the defendant herein in the amount of $30,252.21, with interest and fees of the arbitration. Judgment against the plaintiff was entered upon the award in the Supreme Court. The plaintiff commenced this action to vacate, annul and set aside the judgment and award. The complaint is very voluminous, charging coercion and false representations by the defendant in securing the agreement; want of jurisdiction in the committee; misconduct and corruption on the part of the arbitrators; the award was a compromise; the award did not cover the entire subject submitted; the failure of the arbitrators to take the oath.

These allegations are set forth with a wealth of adjectives and a poverty of facts tending to substantiate the claims made. Only two require serious consideration. ·

In the 22d paragraph of the complaint it is alleged that the arbitrators did not take the oath prescribed by section 2369 of the Code of Civil Procedure, which provides that " before hearing any testimony, arbitrators selected either as prescribed in this title or otherwise must be sworn * * * faithfully and fairly to hear and examine the matters in controversy, and to make a just award, according to the best of their understanding; unless the oath is waived, by the written consent of the parties to the submission, or their attorneys." It is alleged that no written waiver was given.

The original act of incorporation of the New York Commercial Association (now known as the New York Produce Exchange) (Laws of 1862, chap. 359, § 5) provides for the selection by the board of managers of an arbitration committee and gives them power to hear and determine controversies between members and " that a judgment of the Supreme Court shall be rendered upon the award made pursuant to such submission." This section was amended by chapter 291 of the Laws of 1912, extending the committee's right to hear and determine controversies voluntarily submitted

to it so as to include controversies "in which any party thereto is an individual, copartnership, joint stock association or corporation, * * * whether or not the parties to the controversy are members of the said exchange." The provision in regard to the judgment was not changed. Section 7 of the act of 1862 regulates the proceedings and provides that upon filing the submission and the award in the office of the clerk of the Supreme Court a judgment may be entered therein and shall be docketed, transcripts filed and execution issued thereon, the same as authorized by law in regard to judgments in the Supreme Court, and further that "Judgments entered in conformity with such award shall not be subject to be removed, reversed, modified or in any manner appealed from by the parties thereto, except for frauds, collusion or corruption of said arbitration committee, or some member thereof."

The case of *Hinkle* v. *Zimmerman* (184 N. Y. 114) was an action to set aside an award made by arbitrators and an umpire, under a submission of a controversy, upon the ground that neither the arbitrators nor the umpire took the required oath before entering on their duties. The court held that section 2369 of the Code of Civil Procedure applied to a common-law as well as to a statutory arbitration, and the court set aside the award. No judgment had been entered in that case. In *Matter of St. John's Guild* v. *Durkin & Laas* (168 App. Div. 889) the court refused to confirm an award where objection was made that the arbitrators had not been sworn.

It has been repeatedly held that the failure of the arbitrators to be sworn did not go to the jurisdiction; that was conferred by the agreement of the parties. (*Howard* v. *Sexton*, 4 N. Y. 157, 158; *Day* v. *Hammond*, 57 id. 479, 483.) The provision of the Code that the taking of the oath may be waived by the parties shows that it is not a jurisdictional requirement. As we have seen, the statute giving jurisdiction to the arbitration committee provides that a judgment entered upon an award becomes a judgment of the Supreme Court, and "shall not be subject to be removed, reversed, modified or in any manner appealed from by the parties thereto, except for frauds, collusion or corruption of said arbitration committee or some member thereof." Clearly it cannot be held that the

failure of the arbitrators to be sworn is *per se* evidence either of frauds, collusion or corruption.

In my opinion such a judgment is analogous to a judgment entered upon the decision of a referee to hear and determine. By section 1016 of the Code of Civil Procedure, a referee is required to be sworn, before proceeding to hear testimony, to faithfully and fairly try the issues or determine the questions referred to him, as the case requires and to make a just and true report according to the best of his understanding. This requirement may be waived by written stipulation or orally. If it is oral it must be entered upon the minutes. Section 721 of the Code of Civil Procedure provides: " In a court of record, where a verdict, report, or decision has been rendered, the judgment shall not be stayed, nor shall any judgment of a court of record be impaired or affected by reason of either of the following imperfections, omissions, defects, matters, or things, in the process, pleadings, or other proceedings: * * * 12. For an omission on the part of a referee to be sworn; * * *."

While the objection would have been fatal to the proceeding if made at any time before judgment, such objection cannot be urged in an action or other proceeding to vacate or remove the judgment.

It appears from the printed papers on appeal, which are prepared and filed by the appellant, and hence we are to presume were before the court at Special Term, that prior to the commencement of this action the plaintiff made a motion to set aside the arbitration award and judgment, upon which motion the justice at Special Term had the stenographer's minutes before him. In the short form order denying the motion the justice said: " It appears that the arbitrators took the oath of office pursuant to the by-laws, which were adopted under authority of a legislative act providing for arbitration (L. 1862, ch. 359, as amended by L. 1912, ch. 291). There was no more reason to require an oath in each separate proceeding than would be the case of a judge of any court."

It would appear, therefore, as a fact that an oath sufficient to meet the statutory requirement had been taken by the members of the arbitration committee.

In the 13th paragraph of the complaint it is alleged that

the defendant falsely and fraudulently stated and represented to plaintiff that neither the defendant nor any of its officers or representatives were members of the New York Produce Exchange, and relying upon said representations the plaintiff was induced to sign the arbitration agreement; that the representations were false, were known by the defendant to be false, and were made with intent to deceive and defraud the plaintiff; upon information and belief that the defendant and some of its officers or representatives were members of the said exchange at the time the arbitration agreement was made, of which fact the plaintiff did not have knowledge until after the award was made.

If these representations were made, and on this appeal we must consider that they were, and the plaintiff agreed to arbitration by the committee of the exchange solely because he believed that none of the parties to the agreement were members of the exchange, and hence the committee would be an entirely unbiased body, and would not have so agreed had he known that he was submitting his case to the determination of a committee of the exchange of which defendant and its officers were members, a court of equity would be justified in setting aside the entire proceeding and relieving the plaintiff from his agreement to arbitrate. We, therefore, hold that in this one particular the second amended complaint states facts sufficient to constitute a cause of action.

The judgment and order will, therefore, be reversed, with costs and disbursements, and defendant's motion denied, with ten dollars costs, with leave to the defendant to withdraw the demurrer and serve an answer within twenty days after service of the order to be entered hereon and paying said costs.

CLARKE, P. J., SMITH and MERRELL, JJ., concur.

LAUGHLIN, J.:

I agree that the general oath of the arbitrators was sufficient, and concur on the last ground of the opinion.

Judgment and order reversed, with costs, and defendant's motion for judgment on the pleadings denied, with ten dollars costs, with leave to defendant to withdraw demurrer and to answer on payment of said costs.