COHEN IRON WORKS COMPANY, INC., Respondent, v. LOUIS
JAFFE, Appellant.

Second Department, October 21, 1921.

Arbitration — arbitrators must take oath under Code of Civil Pro-
cedure, § 2369 — oath may be waived by written consent — objec-
tion fatal, if taken before judgment in absence of oath and proper
waiver — complaint in action on award alleging arbitrators
" duly " made their award in writing is sufficient allegation that
they took oath — " duly " defined — waiver under arbitration
agreement of necessity for oath.

Section 2369 of the Code of Civil Procedure requires that all arbitrators,
whether appointed pursuant to the provisions of the Code or otherwise,
must take an oath of office, but an oath may be waived by the written
consent of the parties or their attorneys.

Where it appears that no oath was taken and no proper waiver given, the
objection thereto, if taken before judgment, is fatal.

Complaint states cause of action and is not demurrable in an action upon
an award made in a common-law arbitration where it is alleged that the
arbitrators " duly " made their award in writing, and it does not appear
from the pleadings that no oath was taken.

The word " duly " means according to law and implies a compliance there-
with in both form and substance.

Where parties to an arbitration agreement agreed " to waive any provisions
as to form," and " agree that a memorandum in writing, signed by the
majority of the board of arbitrators, shall be accepted as a decision duly
made pursuant to the Arbitration Law," it may be said that the parties
waived the necessity for an oath being taken.

APPEAL by the defendant, Louis Jaffe, from an order of
the Supreme Court, made at the Kings Special Term and
entered in the office of the clerk of the county of Kings on
the 27th day of August, 1921, overruling a demurrer to the
complaint and granting plaintiff's motion for judgment on the
pleadings.

*Frank E. Johnson* [*Meier Steinbrink* with him on the brief],
for the appellant.

*A. Wolodarsky,* for the respondent.

Order affirmed upon the opinion of Mr. Justice CROPSEY at Special Term, with ten dollars costs and disbursements.

BLACKMAR, P. J., MILLS, PUTNAM, KELLY and MANNING, JJ., concur.

The following is the opinion of the court below:

CROPSEY, J.:

This is a demurrer to the complaint in an action upon an award made in a common-law arbitration. Because of the language of section 2369 of the Code of Civil Procedure all arbitrators, whether appointed pursuant to the provisions of the Code or otherwise, must take an oath of office. (*Hinkle* v. *Zimmerman,* 184 N. Y. 114; *Matter of St. John's Guild,* 168 App. Div. 889.) But by the terms of the same section the oath may be waived by the written consent of the parties or their attorneys. It cannot be waived in any other manner. (*Hinkle* v. *Zimmerman, supra.*) Where it appears there has been no oath and no proper waiver the objection if taken before judgment is fatal. (*Krauter* v. *Pacific Trading Corp. of America, Inc.,* 194 App. Div. 672, 675.) The complaint here does not show that the arbitrators were sworn. Nor does it show they did not take an oath. It alleges that they " duly " made their award in writing. This is a sufficient allegation that they took the required oath. (See Code Civ. Proc. § 533.) " Duly " means according to law and implies a compliance therewith in both form and substance. (*Brownell* v. *Town of Greenwich,* 114 N. Y. 518, 527; *Youngs* v. *Perry,* 42 App. Div. 247; *Levy* v. *Cohen,* 103 id. 195; *Benedict* v. *Clarke,* 139 id. 242; *Maune* v. *Unity Press,* 143 id. 94.) Nor do the papers attached to and forming a part of the complaint show that no oath was taken, as defendant contends. From them it does not appear whether the arbitrators were sworn. These papers upon their face do not purport to show all that the arbitrators did or all the formalities observed. Moreover, I am inclined to the view that the parties properly waived the necessity for an oath being taken by the arbitrators. In the arbitration agreement, which was signed by both parties, they agree " to waive any provisions as to form, and do hereby further agree that a memorandum in

writing, signed by the majority of the board of arbitrators, shall be accepted as a decision duly made pursuant to the Arbitration Law ." *   The waiver of all provisions as to form may not be sufficient to dispense with the taking of an oath, but the further agreement that a written memorandum, signed by a majority of the arbitrators, shall be deemed a decision " duly made " may well be interpreted as constituting a waiver of the necessity of an oath being administered.   The complaint states a cause of action, and hence the demurrer is overruled and judgment granted for the plaintiff, with costs. Defendant may have leave to answer within ten days upon payment of costs.

---

* See Code Civ. Proc. chap. 17, tit. 8; Consol. Laws, chap. 72; Laws of 1920, chap. 275.   Since amd. by Laws of 1921, chap. 14.— [REP.