JAMES C. DAVIS, Director General of Railroads, as Agent under Section 206 of the Transportation Act of 1920, Plaintiff, *v.* ROCHESTER CAN COMPANY, Defendant.

Supreme Court, Monroe County, December 9, 1924.

Arbitration — submission of controversy to Interstate Commerce Commission — award valid — failure of Commissioners to take arbitration oath not jurisdictional — failure to make and sign formal award immaterial.

Where by agreement the parties submit a controversy with reference to certain demurrage charges upon an interstate freight shipment to the Interstate Commerce Commission, the determination of the Commissioners is valid and enforcible although they fail to make and sign a formal award.

The failure of the Commissioners to take an arbitrator's oath was not jurisdictional and every possible security was assured to the defendant by the constitutional oath taken by the Commissioners before entering upon the duties of their office.

ACTION upon an award by the Interstate Commerce Commission made pursuant to an agreement by the parties submitting a controversy with reference to demurrage charges.

*Harris, Beach, Harris & Matson* [*Paul Folger* and *Merwin Morehouse* of counsel], for the plaintiff.

*John D. Lynn,* for the defendant.

THOMPSON, J.:

By agreement the parties submitted a controversy with reference to certain demurrage charges upon an interstate freight shipment, to the Interstate Commerce Commission. The Commission's ruling was in favor of plaintiff, who brings this action on the award. Defendant resists the suit upon the grounds that this was an attempted common-law arbitration, and void because the Commission has no power to act as an arbitrator; did not take the oath required by law, and it failed to make and sign a formal award.

While consent of the parties will confer jurisdiction of the person upon the courts, they may not in such manner bestow jurisdiction

of the subject-matter. (*Matter of Caffrey*, 52 App. Div. 264; *People ex rel. Martin* v. *Westchester County*, 53 id. 339.)

The courts only have such jurisdiction of the subject-matter as is conferred upon them by law. Arbitrators have such jurisdiction as is given them by compact and conduct of the parties, limited only by express provisions of law. (2 R. C. L. 372; 5 C. J. 20.)

Thus infants, outlaws, women, deaf persons, ministers, committees of boards of trade, and unincorporated societies may act as arbitrators. (5 C. J. 63.) And every known kind of dispute existing between parties, no matter what may be the subject, may be settled by arbitration under a proper agreement between the parties. (5 C. J. 16.)

The Interstate Commerce Commission has authority to make, interpret and enforce rules in reference to the subject of this dispute, and to determine disputed questions arising thereunder, and this doubtless led to the agreement of the parties to this controversy to abide its ruling.

To defendant's objection that the Commission failed to make and sign a formal award, it must be said that in common-law arbitrations the agreement to arbitrate, the submission and the award, all may be in parol. (5 C. J. 114; Fiero Particular Act. & Proc. [4th ed.] 33.)

But it is urged that the arbitration here must fail because the oath was not taken or waived according to law. (*Hinkle* v. *Zimmerman*, 184 N. Y. 114.) As a general rule, if a party with knowledge of an irregularity in the proceedings continues, without objection, to take part in them, he waives any objection on account of such irregularity. " He cannot thus take the chance of a favorable issue." (5 C. J. 101.)

However, this defect may not come under the rule above stated; it is not jurisdictional; it does not savor of fraud or misapprehension (*Hinkle* v. *Zimmerman, supra; Matter of St. John's Guild,* 168 App. Div. 889), nor is it claimed that prejudice or injury has been sustained by this defendant on account thereof.

Every possible security assured to defendant by the taking of an arbitrator's oath was afforded it by the constitutional oath the individual members of the Commission were required to take before entering upon the transaction of the duties of their office. (U. S. R. S. § 1757; U. S. Comp. Stat. § 3218.)

An arbitrator's oath would have added nothing to the obligation, which it must be held attached at once to the act the commissioners performed here. They had authority to make this ruling as a commission, and its binding effect in settlement of this controversy was entirely accomplished by the consent and agreement of the

parties. The oath applied to the ruling, and the act of the parties made the ruling the decision of the controversy. (*Krauter* v. *Trading Corp. of America, Inc.*, 194 App. Div. 672, 676, 677.)

So too, it being fundamental that by submitting to a valid arbitration the parties agree to abide by the award in all things, in law as well as in fact, courts should not lightly set them aside. (8 Cornell Law Quarterly, 53, 54.)

Judgment for plaintiff.