JAMES FRENCH, Respondent, *v.* FRANO PETRINOVIC, Appellant.

Supreme Court, Appellate Term, First Department, March 12, 1945.

*Charles R. Hickox* and *Ruth M. McElveney* for appellant.

*Gregory S. Rivkins* and *Robert J. Andrews* for respondent.

SHIENTAG, J. The suit is by an arbitrator to recover $2,500 as the fair and reasonable value of his services from one of the parties to an arbitration; the arbitrator charged the total sum of $5,000 for his services, of which $2,500 was paid by the other party.

The question involved on this appeal is whether the arbitrator is entitled to receive the reasonable value of his services or whether his fee is limited to $25 a day pursuant to the provisions of the arbitration law of the State of New York (Civ. Prac. Act, §§ 1457, 1545). The learned court below found that the parties intended that the arbitration be had under the Federal arbitration statute (U. S. Code, tit. 9, § 1 *et seq.*), which contains no limitation upon the fees to be paid to arbitrators. He found that the parties intended the arbitrator to receive fair and reasonable compensation for his services, that the amount sued for was fair and reasonable and accordingly he gave judgment in favor of the plaintiff for the sum demanded in the complaint.

The appellant contends that the arbitration was one coming under the State arbitration statute; that there was no waiver in writing of the statutory fees, as the New York arbitration law requires; that the arbitrator therefore was entitled to a maximum of $25 a day; that concededly he devoted not more than 100 days to the work of the arbitration and that the payment he received from one of the parties, the sum of $2,500, represents the maximum statutory compensation to which he was entitled.

We believe that the judgment rendered in favor of the plaintiff should be affirmed on two grounds: (1) under the Federal arbitration statute; and (2) under the rules applicable to common-law arbitrations.

The plaintiff is a marine consultant and is a recognized expert of high standing in his profession. The Bethlehem Steel

Company made extensive repairs at its yard in Hoboken, N. J., to two Yugoslav vessels owned by defendant. There was a dispute as to the fair and reasonable value of the repairs. Plaintiff was consulted by the attorney representing the owner of the vessels. Thereafter both parties to the dispute decided to submit the controversy which had arisen to the plaintiff for decision. Accordingly, a written agreement was entered into between the owner of the vessels and the Bethlehem Steel Company on December 2, 1942, which among other things provided " that the dispute * * * with respect to the amount of the bill of Bethlehem of 15 April, 1942, for repairs on the Franka and the amount of the bill of Bethlehem of 30 April, 1942, for repairs on the Panchito be referred to James French (plaintiff herein) formerly chief surveyor of Lloyds of New York for final settlement."

The agreement further provided that Bethlehem would submit to Mr. French certain data forming the basis of its bills and that upon request of Mr. French it would submit other evidence concerning the nature and scope of the work performed. The representative of the owner was to submit to Mr. French any evidence which he thought to be relevant. The agreement concluded as follows:

" Mr. French shall determine the amount due Bethlehem for work done on the above-named vessels, considering all the evidence submitted to him and using his judgment as to what would have been the price of the work done on the vessels in any efficient yard at the time that the work was done.

" Mr. French shall determine what, if any, division shall be made between Bethlehem and the owners of his charges and expenses, including stenographic fees, if any shall be incurred by him. Bethlehem and the owners will abide by any award which Mr. French shall make."

Subsequently the plaintiff rendered his decision to the effect that Bethlehem was entitled to be paid the sum of $204,730. The award concluded with the words " For my charges in arbitrating this matter I enclose my bill which is to be equally divided between the owner and the Bethlehem Steel Company, Inc." The bill was in the sum of $5,000. As has been stated, Bethlehem paid its $2,500 but the defendant refused to make payment of his share of the plaintiff's fee.

Plaintiff thereupon sued defendant to recover the sum of $2,500 as the balance of the fair and reasonable value of the services he rendered. The answer, in addition to a general denial contained a partial defense that " plaintiff has been paid

for the reasonable value of his alleged services.'' No affirmative defense was asserted in the answer to the effect that plaintiff was bound by the New York statutory provisions relating to the fees of arbitrators.

The defendant moved for judgment pursuant to section 476 of the Civil Practice Act and rule 112 of the Rules of Civil Practice and urged that plaintiff was not entitled to recover any sum beyond the maximum statutory fees for an arbitrator. This motion was denied and the case proceeded to trial.

Plaintiff testified that when he was first consulted by the attorney representing the owner of the vessels it was understood that he was to be paid for his services the customary and usual fee of one occupying the position which the plaintiff did in his special field. Plaintiff's testimony that $100 a day was the usual and customary fee and reflected the fair and reasonable value of his services was supported by five experts. The defendant denied that any agreement was entered into to pay plaintiff the customary and usual fee and introduced evidence that in any event the customary charge was between $30 and $50 a day. The court found in favor of the plaintiff on these disputed issues of fact and we see no reason why those findings should be disturbed.

Certain it is that when the parties signed the written agreement to which reference has been made, they did not have in mind any particular arbitration statute that was to govern. We must, therefore, build up an intention on their part from what they sought to accomplish, what they said and what they did.

1. If the Federal arbitration statute is deemed to govern, that would be entirely consistent with the acts and conduct of the parties. A summary remedy would be afforded and the arbitrator, under the Federal statute, would be entitled to receive the fair and reasonable value of the services that he rendered. There is no provision in the Federal statute limiting the fees of an arbitrator. The subject matter of the controversy was maritime in nature and, while the State courts would have had jurisdiction in a suit on the original claim, the action could have been removed to the Federal court. To say, therefore, that the Federal arbitration statute applies does no violence to the agreement in writing and to the acts of the parties pursuant thereto. To this, one exception may be urged, namely, that if the Federal statute were deemed applicable, there was no reason why the plaintiff, the arbitrator, should not have sought his relief by summary application under that statute rather than by plenary suit in the State courts. But that is a

comparatively slight indentation on the otherwise symmetrical circumference of intent.

2. The judgment below can be sustained on the theory that the parties embarked upon a common-law arbitration. In support of this view, we have the following circumstances, which are by no means conclusive, but are nonetheless highly suggestive. The writing itself is an informal document containing none of the incidents of an agreement to arbitrate; it makes no mention of arbitration; the plaintiff is not referred to as an arbitrator; the arbitrator did not take an oath, although this could be waived by failure to insist upon it; the submission was not acknowledged, as is usually done, although the statute makes no such requirement, and the award was not acknowledged by the arbitrator. The acknowledgement of the award is an essential requirement to its validity under the New York statute, although this defect might be corrected by appropriate motion in the arbitration proceedings.

The making of a common-law arbitration agreement would furnish a more or less prompt, informal procedure and would enable the arbitrator to receive what the evidence shows to be the true intent of the parties: fair and reasonable compensation for his services. Here, too, the full symmetry of the intent is, it may be urged, marred by the fact that if the agreement of the parties be considered a common-law arbitration arrangement, the award of the arbitrator could not be enforced summarily and entered as a judgment. A plenary suit could however have been brought upon it. In any event, both of the parties to the arrangement never contemplated the possibility that the determination of the arbitrator would not be complied with. The fact is that the defendant, although grievously disappointed in the result, paid the award promptly.

The enactment of an arbitration statute in this State did not abrogate common-law arbitrations. This appears from the very language of the statute itself as interpreted by the authorities. (See Civ. Prac. Act, §§ 1448, 1469; *Hano* v. *Isaac H. Blanchard Co.*, 199 N. Y. S. 227; *N. Y. L. & W. W. Co.* v. *Schneider et al.*, 119 N. Y. 475; *Hinkle* v. *Zimmerman*, 184 N. Y. 114.)

Section 1448 reads in part: " A controversy cannot be arbitrated, either as prescribed in this article *or otherwise* * * *." (Italics supplied.) Section 1469 insofar as here pertinent recites: " This article does not affect any right of action in affirmance, disaffirmance, or for the modification of a submission or contract, made either as prescribed in this article

*or otherwise* \* \* \*. And, except as otherwise expressly prescribed therein, this article does not affect a submission or contract, made *otherwise* than as prescribed therein \* \* \*." (Italics ours.) The courts have interpreted these statutes to mean that the use of the words " or otherwise " demonstrated an intention on the part of the Legislature to recognize and make permissible common-law arbitrations, although an alternative and broader method of arbitration was permitted by statute. (See *Hinkle* v. *Zimmerman*, 184 N. Y. 114, *supra; Hano* v. *Isaac H. Blanchard Co.*, 199 N. Y. S. 227, *supra; N. Y. L. & W. W. Co.* v. *Schneider et al.*, 119 N. Y. 475.)

The parties may manifest their purpose to arbitrate under the arbitration statute by executing a written agreement according to the requirements of the statute. In such event, the statutory requirements will prevail. If the parties do not so manifest their purpose and there is an existing controversy. common-law rules of arbitration generally control. (See cases cited *supra,* and, also, *Matter of Berkovitz* v. *Arbib & Houlberg,* 230 N. Y. 261; *Berizzi Co.* v. *Krauss,* 239 N. Y. 315; *Matter of Marchant* v. *Mead-Morrison M. Co.,* 252 N. Y. 294; *In re Strassburger,* 12 F. Supp. 420; Sturges on Commercial Arbitrations and Awards, § 1, p. 3 *et seq.*)

While some of the provisions of article 84 of the New York Civil Practice Act are applicable both to statutory and to common-law arbitrations, the limitation of an arbitrator's fee, under the statute, applies only to arbitrations had thereunder. It has been held that the fact that common-law arbitrations are in certain respects made subject to the provisions of an arbitration statute does not mean that every incident of a common-law arbitration is subject to the statute. (*Hinkle* v. *Zimmerman,* 184 N. Y. 114, *supra.*) We hold, therefore, that the limitations of the New York statute with respect to fees do not govern a common-law arbitration.

We agree with the court below that the evidence fails to show negligence or incompetence on the part of the plaintiff in the performance of his duties.

3. In view of the foregoing we do not deem it necessary to pass upon the contention of the respondent that, even if the New York arbitration law is considered applicable, the agreement signed by the parties is sufficient to operate as a waiver in writing of the statutory fees of an arbitrator.

Accordingly, the judgment and order below are affirmed, with costs.

HAMMER, J., concurs; HECHT, J., concurs on the ground that the proceeding was a common-law arbitration to which section 1457 of the Civil Practice Act is inapplicable.

Judgment and order affirmed.