Curia, per Woodworth, J.
As to the written contract made in June, 1820, it appears to me to have been substantially abandoned, and' another substituted in October then following: for it will be perceived that the last contract is variant from the first, and inconsistent with it The first is, that the plaintiff should deliver 200 barrels of salt, and the defendant should pay 33 barrels of pork, and *125 804 dollars ; by the last, the plaintiff agrees to assign,.and does assign, an order on Sill, Thompson & Co. for 169 barrels of salt, the defendant to pay them 300 dollars, and pay the plaintiff in pork at Cleveland, according to the terms of the original agreement, This was matter of reference merely, to specify the manner of payment for the salt.
But, whether the written agreement was rescinded or not, it was competent for the parties to make another contract respecting a different quantity of salt to be transferred and ^delivered in a manner variant from the first. The plaintiff rests his. action on this last contract, and, as it appears to me is entitled to recover. He held an order from Nathaniel Woodward for 169 barrels of salt. Whether the words “ value received” were contained in it, or the words “ or order” inserted is immaterial. If they were material, the defendant, to whom the order was delivered, and who has given no evidence as to the disposition of it, ought to have produced the paper, in order to ascertain whether those words were inserted or not. But it is enough that the plaintiff held an order for the delivery of the salt. In the absence of all proof, the court are not authorized to presume the plaintiff was the agent of the drawer, but will intend that he was the person to be benefitted by the delivery ; and particularly after the order had been presented and verbally accepted. If the plaintiff was entitled to receive the salt to his own use, the authority to direct the delivery to another was incident and inseparable, and need not be expressed. What then, was the intention of the parties ? Undoubtedly this : the defendant was willing to take a transfer of the order, or, in other words, instead of the plaintiff actually going to Black Rock, and making a personal delivery, the defendant was satisfied that the same thing would be accomplished by the assignment of an order, the validity of which could not well be doubted, it having previously been presented to Sill, Thompson & Co. and declared by one of that firm, to be good. The defendant was willing to take this, and, in consideration, bind himself to pay the plaintiff according to their contract. *126 whs a good Consideratibh, and legally Binding; For aught that appears, the defendant might have received the a'alt-, had he applied at ahy time Within four months after the contract. All that he proves bn this point is, that in the Winter following, the salt Was delivered or accounted fdr to Nathaniel Woodward. By what authority, or under what pretence he received the salt, we are left to cofijectúré. Hé may have obtained the possession rightfully in various Ways, Ñon constat-, but that he had acquired the defendant’s interest by purchase. Bui admitting that he had not, the fact billy proves that Sill, Thompson & Co. etr'ed in considering him *the owner, after the order had been presented to them By Bailey, and they had admitted its validity; By the assignment of the Order for the salt, prima fade the defendant must be considered the Owner; arid, on the facts appearing in this case, I perceive no objection to the right of the defendant to call on Sill, Thompson & Có. by action, oh their refusal tó deliver the salt. If, indeed, the plaintiff was drily the agent of Nathaniel Woodward, rind riot the 'rightful dWrier, the transfer Of the Order, which amounted to a Sale tif the pfopérty By him, was a fraud, and the bonsideratibh fdr Which the defendant contracted failed ; But as riothitig of this kind appears, and the contrary is to be prestimed, I thirik there is ho sufficient ground to set aside the verdict, and consequently the rridtiori for a new trial is denied.
híéW trial dfeñíéct.