RICHARDSON, Ex'r, vs. THOMAS et al.

VENDORS: *When remedy against vendee limited, etc.*
> Lands were sold and notes given for the payment of the purchase
> money, and at the same time, the vendor, retaining a lien, executed
> a deed, with covenants to the effect that he waived and relinquished
> all right, in law or equity, to recover the same or any part thereof
> from any other lands or property of the vendee, expressly exempt-
> ing the same from all liabilities for the payment of the purchase
> money. On suit on the notes: *Held*, that the covenants in the deed
> were a part of the original agreement, and being so construed, the
> vendor, in his remedy, should be confined to the property named in
> the deed as to the extent of his recovery.

APPEAL from *Jefferson* Circuit Court.
Hon. HENRY B. MORSE, Circuit Judge.
*U. M. Rose*, for appellant.
*Bell & Carlton* and *A. H. Garland*, for appellee.

BENNETT, J.   At the November term of the circuit court
of Jefferson county, Samuel B. Thomas sued Benjamin F.
Richardson, as the executor of James Sheppard, on notes
given by Sheppard for the purchase of a plantation, slaves,
etc., in 1860.

Richardson appears and files an answer to the complaint of
Thomas, which was demurred to, which demurrer was sus-
tained by the court; and Richardson, as executor, declining
to answer further, final judgment was rendered for Thomas,
for forty-eight thousand, four hundred and nineteen dollars
and seventy-five cents, for balance of debt, and the further
sum of thirty-four thousand, one hundred and fifty-four dol-
lars and seventy-eight cents, for damages; from which judg-
ment Richardson, as executor, has appealed.

Was the demurrer to the answer properly sustained?

The answer of Sheppard alleges that the consideration for

which these notes were given was a certain tract of land, slaves and farming utensils, in 1860, and that the notes were given upon the terms and conditions set out in the deed of conveyance made by Payne & Robinson, the assignors of the note, to Sheppard.

The answer further recites the deed and the cotemporaneous conversations and inducements which induced Sheppard to make the purchase and execute the notes; states the breaking out of the civil war, and that since said purchase of land, etc., and execution of these notes, the slaves have been liberated by the act of the government, and are now free, and to the extent of the value of these slaves, the consideration of these notes has failed.

Sheppard then asks that, inasmuch as these matters and things cannot be taken into consideration in a court of law, this cause of action be transferred to the equitable side of the court.

The demurrer to the answer is based upon the following grounds:

*First.* Because the facts stated in said answer, or any one paragraph of said answer, are not sufficient to constitute a defense, counterclaim or setoff against the plaintiff's complaint.

*Second.* Because, in the third paragraph of said defendant's answer, he has alleged a verbal understanding and agreement between the said James Sheppard and the plaintiff's assignors, of the notes sued on, when the answer further shows that said agreement of purchase, for which said writings obligatory, sued on, were given, was consummated and executed by a deed of conveyance.

The third, fourth, fifth, sixth and seventh grounds of demurrer consolidated, in effect are, that no one of the paragraphs of the answer, from the first to the fifteenth, states facts sufficient to make a complete defense within itself, and that no

fact stated in any paragraph of the answer, or the whole taken together, requires the aid of a court of chancery, because there are no defenses to the notes, in law or equity.

So much of the demurrer as relates to the formal part of the answer is well taken. A defendant has the right to allege as many grounds of defense, counterclaim or setoff, whether legal or equitable, as he may have. Each, however, should be distinctly stated in separate paragraphs, and numbered, and must refer to the causes of action which it is intended to answer. The answer, in this cause, is paragraphed, but not as the law requires, because no one of these, from the third to the last, presents a perfect defense, and is in itself an answer to the action. Newman's Pleadings, secs. 539, 540, 550; Civil Code, sec. 116.

Owing, however, to the fact that this cause has been before us in another shape (*Sheppard v. Thomas*, 26 Ark., 617) and the large amount of money involved, and for the purpose of bringing this litigation to a close, we have thought it best to pass over the informalities of the answer and look at it and see if there is in it, taken in parts or as a whole, any defense, either in law or equity, to these notes.

All those matters in the answer, touching the sale of the slaves and losses by the war, are no longer to be discussed. Sheppard can take nothing by that averment. *Osborne v. Nicholson*, 13 Wall., 654; *Jacoway v. Denton*, 25 Ark., 625. And it is certainly true that the attempt to set up in the answer a verbal agreement to contradict the notes, without an averment that by fraud or mistake this was omitted, is of no avail. *Roane v. Greene*, 24 Ark., 210, and cases cited.

The answer then, stripped of all its extraneous matters, rests solely upon the covenants of the deed conveying the property for which these notes were given.

By this deed of conveyance a lien was sought to be retained

for the payment of the purchase money, and the vendors covenanted that they did thereby "waive and relinquish all our right, in law or equity, to recover the same, or any part thereof, of or from any other lands, negroes or property of the said James Sheppard, but do hereby expressly exempt the same from all liabilities for the payment of said purchase money so remaining due and unpaid as aforesaid, and rely entirely on our said lien for security and payment as aforesaid."

The notes sued on were given for the purchase money of the lands, negroes, etc., mentioned in this deed, and defendant Richardson, as executor, contends that this covenant in the deed, made at the time the notes were executed, if properly construed, should be held to signify that Thomas, in his remedy upon them, should be confined to the property named in the deed as to the extent of his recovery.

The judgment of this cause was against the general estate of Sheppard, and not against this specific property.

Now does this avoid the contract by which the parties bound themselves?

The first point for the consideration of the court is, what was the nature of the contract between these parties.

Taking the notes sued on and the covenant in the deed together, we are satisfied that they prove that the defendant was justly indebted to the plaintiff in the full amount specified in these notes; and that, in case of nonpayment of these notes, the plaintiff agreed to look to no other property in satisfaction and discharge of that debt, but the lands, slaves, etc., mentioned in the deed.

Now shall the notes and this covenant in the deed be construed together as if they were parts of one contract. It will not be questioned that the rights and obligations incident to a contract may be extinguished or modified by a new agreement between the same parties, plainly expressing or imply-

ing an intention so to extinguish or modify them. *Bailey v. Johnson,* 9 Cow., 115; *Low v. Treadwell,* 3 Fairfield, 441; *Richardson v. Hooper,* 13 Pick., 446; *Cummings v. Arnold,* 3 Metc., 486; *Robinson v. Batchelder,* 4 N. H., 40.

When the new agreement is a modification, either express or implied, of any of the express terms or stipulations of the original contract, it has been held to constitute a new contract, consisting partly of the original contract and partly of the new agreement engrafted upon it, and has been declared upon or been available by way of defense.

A contemporaneous memorandum on a note, or even on a separate piece of paper, is a part of the note, and may qualify and restrict it, and will bind all parties. *Haywood v. Perrin,* 10 Pick., 228; *Hunt v. Livermore,* 5 id., 395; *Barnard v. Cushing,* 4 Metc., 230; *Roger v. Kneeland,* 10 Wend., 218.

The case of *Hunt v. Livermore,* 5 Pick., 395, was an action of assumpsit on a promissory note from the defendant to the plaintiff, dated February 26, 1823, for $1,400, payable on demand. At the trial the plaintiff called a witness who testified that on the 2d day of December, 1824, the plaintiff demanded of the defendant payment of the note, but the defendant did not pay.

The defendant then gave in evidence a bond from the plaintiff, dated February 26, 1823, conditioned that the plaintiff should make and execute to the defendant a good and valid warranty deed of certain land which the defendant had agreed to purchase of the plaintiff for the sum mentioned.

The defendant also produced the following receipt signed by the plaintiff: "February 26, 1823. Received of E. S. Livermore a note of hand for $1,400, for which I have this day given him a bond for a deed of a certain piece of land; but provided the bargain is not carried into effect, I am to deliver up said note upon said Livermore's delivery of said bond."

The defendant contended that the plaintiff was not entitled to his action, although the note said it was due on demand, before he had tendered a deed of the estate described in the bond, and that the defendant now had a right to rescind the contract referred to in the bond and receipt. The court, by a unanimous opinion, held that the note, the receipt and the bond should be construed as if they were parts of one contract, and upon the failure of the plaintiff to tender a deed for the estate named in the bond, he should be nonsuited on the note.

The case of *Makepeace v. The President of Harvard College*, 10 Pick., 298, was an action on a promissory note, dated March 15, 1824, made by Makepeace to the college, for $4,310.50. At the foot of the note is the following memorandum of an agreement, without any signature: "It is agreed that if the said Makepeace shall convey to the said president, etc., one undivided fifth part of four lots of land lying, etc., the sum of $3,200 shall be allowed therefor towards the above sum, and if any sum shall be paid in cash or otherwise, double the amount so paid is to be indorsed upon said note," etc.

Makepeace, on the trial, produced an agreement between himself and the agent of the college to the same effect as the memorandum on the note, only it does not appear that the writing at the foot of the note was made at the same time with the agreement.

The plaintiff contended that the agreement was collateral to the note, and that as it had not been complied with within three months, the plaintiff had a right of action on the note for so much of it as had not been paid.

The defendants contended that the note and memorandum were to be construed together as one instrument, and the agreement was that Makepeace should convey certain lands

to the college and pay them $510, in discharge of debts due, not from himself, but from other persons, and the note was given as a penalty to secure the performance of this agreement.

Chief Justice SHAW, in delivering the opinion, said: "We agree with the original defendant's counsel that the several instruments made at one and the same time, and having relation to the same subject matter, must be taken to be parts of one transaction and construed together for the purpose of showing what was the true contract between the parties. For this purpose the memorandum subjoined to the note, and also the separate memorandum signed by the plaintiff's attorney and making known an agreement of the parties respectively, are all to be considered together."

Then looking at the subject matter, the time when and the manner in which this whole contract was made, as evidenced by these notes, given for the purchase money, and the covenants in the deed conveying the property, and keeping in view the principles of law, as stated in the above cited cases, we entertain little doubt that it was the intention and understanding of the parties that the maker of these notes should stand free from personal liability for any deficit, after exhausting the property named in the deed.

Now, as the parties intended it should be so, it is the undoubted duty of the court to carry out that intention, unless it violates some rule of law or public policy.

The plaintiff, however, contends that if the condition in the deed had been inserted in the notes it would have availed nothing, as the condition is utterly repugnant to the note, and is without consideration and void. That is, the condition is inconsistent with the obligation.

Some confusion, we are aware, has crept into the cases for a want of proper care in distinguishing between the right and

the remedy ; or, in other words, between the cause of action and the mode of enforcing it. These are distinct considerations. Where there is no dispute about the right of action, there may still be a question about the form or extent of the remedy.

The rights and obligations of a contract depend, not solely, upon its terms or stipulations. They depend also upon the existing law applicable to its construction and enforcement. The right of one party is simply a right by means of the established legal remedies to such performance or such damages for the breach of the contract as the law gives. The obligation of the other is what the law, through the instrumentality of these remedies, will compel him to pay or perform. The law, applied to the contract, is the measure of each. Without some law to enforce it, the agreement of the parties would be a mere *nudum pactum*. It would not be, in a legal sense, a contract. However binding in conscience, it would confer no right, but a mere moral claim, and enjoin no obligation, but a mere duty.

These principles are too well established in this country to admit of question, and if they are conceded, and it is admitted to be true, that the law of remedy does thus enter into and form a part of the contract, and concur in its rights and obligations, it results that the contract may be modified by an agreement not to assert the full remedies which the law gives for its enforcement, or may waive or relinquish the right to recover the amount of the obligation, excepting from execution against certain property named in the agreement. If the property named is not sufficient to satisfy the full measure of damages, the balance will be considered as released from the obligation.

In the case of *Chickering v. Greenleaf*, 6 N. H., 51, the defendant had given a note containing a clause to the effect that

he should not be liable to imprisonment for debt for nonpayment thereof.   The court held the contract good, and refused a *capias* against his person.

In *Elmore v. Higgins*, 20 Iowa, 250, an indorsement was made on a note to the effect that it was secured by mortgage, and that the remedy was limited to the mortgaged property alone.   Judge DILLON held that the payee was confined to his remedy by foreclosure, and was not entitled to a personal judgment.

We have examined with great care all the authorities cited in the plaintiff's brief as controverting this proposition, and all in effect say that an agreement to abate a part of the sum due, in order to get the balance, will not be enforced, because the promise is not supported by a sufficient consideration.

But in the case under consideration there is an express covenant in the deed that the vendor, Sheppard, shall not be liable beyond the money paid down and the property bought to pay these notes.   Every covenant in a deed is supposed to be based on a consideration.   The contract seems to be a fair one, and is plain and needs no construction, whether we take into consideration the attendant circumstances or not.

The view we have taken of this case makes the covenant in the deed waiving and relinquishing all right to enforce the collection of these notes from any other property, except that named in the deed a part of the original agreement, and we are of opinion that the judgment of the court below be reversed and the cause remanded with direction to transfer it to the equity side of the docket, and, if the court finds from the proof that the notes and deed were executed as alleged in appellant's answer, that a decree be entered for the appellee for the amount remaining due on the notes with interest, and upon failure of appellant to pay the same, the property (except slaves) mentioned in the deed be held subject to the

satisfaction thereof, and that a lien be declared in his favor on said property, and that a special *fieri facias* be issued for the sale thereof, and that execution be denied against all other property of said appellant.