STAAB *et al. v.* RAYNOLDS *et al.*

(*Supreme Court of New Mexico.* January Term, 1888.)

1. LANDLORD AND TENANT—LEASE—MODIFICATION BY PAROL—ACTION FOR RENT—PROVINCE OF JURY.

In a suit for rent, the cause of action, as laid in the declaration, was a written lease, which called for rent at the rate of $200 a month. The defense set up was a subsequent parol agreement for $150 a month. This was met by the claim that the reduction in the rent was conditional only, and that the condition had not been fulfilled. There was evidence upon both sides of the controversy. *Held*, that the question of a rescission of the written lease was for the jury.

2. SAME—BURDEN OF PROOF.

In a suit for rent under a written lease, where the defense set up is a rescission of the lease by reason of a subsequent parol agreement for less rent than the lease called for, the burden of proof as to the rescission is on defendant, and that as to the right of recovery according to the terms of the written lease upon plaintiff.

Appeal from district court, Bernalillo county.

Suit by Jefferson and J. S. Raynolds, trading as Raynolds & Co., appellees, for rent alleged to be due under a written lease from Abraham Staab and Edward Spitz, as surviving partners of the firm of Staab & Co., appellants.

*N. B. Field,* for appellants. *W. H. Whitman* and *Childers & Ferguson,* for appellees.

REEVES, J. The suit was brought by the appellees, Raynolds & Co., composed of Jefferson Raynolds and J. S. Raynolds, to recover rents claimed of the defendants, Abraham Staab and Edward Spitz, as surviving partners of the firm of Staab & Co., under the written lease of the premises described in the declaration for the months of December, 1884, and January, February, and March, 1885, at the stipulated rate of $200 per month. The jury returned a verdict in favor of the appellees, plaintiffs in the district court, for the sum of $800. The appellants (defendants) made a motion in the district court for a new trial, which was overruled by the court, and they prayed for and obtained an appeal to this court. The grounds of the motion for a new trial are: (1) The verdict is against the law; (2) the verdict is against the evidence; (3) the verdict is against the law and the evidence; (4) because the court admitted improper and illegal evidence offered by the plaintiffs, which was objected to by the defendants at the time; (5) because the court refused to admit proper and legal evidence offered by the defendants; (6) because the court misdirected the jury, at the instance of the plaintiffs, and of its own motion; (7) because the court refused properly to instruct the jury, on the request of the defendants; (8) because for divers other reasons occurring at the trial the defendants were prevented from having a fair and impartial trial. The grounds of the motion are too general, and the court might well refuse to act upon them; but aided by the brief of counsel, this objection to some extent is removed.

Upon the trial, the plaintiffs introduced in evidence their written lease and proved occupancy of the premises by the defendants for the four months in controversy, and their failure to pay rent during that period, and rested. It appears that the evidence offered by the defendants was to show that the written contract was rescinded, and that a new contract was made, by which the rent was reduced from $200 per month to $150 per month, beginning from the 1st day of December, 1884. For the month of November the defendants paid to the plaintiffs rent at the reduced rate of $150 per month. Here the trouble between the parties commenced; the plaintiffs demanding the payment of rent at $200 per month, and the defendants refusing to pay it. In avoidance of the new agreement to pay rent, the plaintiffs introduced evidence for the purpose of showing that the rent was reduced from $200 per month to $150 per month, in consideration of defendants' promise to do all their business at plaintiffs' bank, and use their influence in behalf of plaintiffs' banking business, but that they failed to comply. The witnesses who testified in the trial differ in stating the terms upon which the rents should be reduced. Edward Spitz, one of the defendants, testified that, "when Mr. Raynolds was in Albuquerque, I remarked to him that times in Albuquerque were awful hard now, and requested him, as he had done the same for other parties in the house, that he should reduce my rent also. Mr. Raynolds replied that he would think the matter over. He was on his way to Las Vegas, and on his return would let me know. Well, some time elapsed, and I think it was about the middle of October,—I do not know exactly when,—Mr. Raynolds came to my place, and came into the house, and said that he had thought the matter over, and that he would reduce my rent to the amount I requested him,—$150 per month." On cross-examination, the witness admitted that Raynolds stated to him that he would reduce the rent provided he (Spitz) should procure from Staab & Co. their account for Raynolds' bank, but he refused that proposition, but proceeds to say that, as Mr. Raynolds was doing him a favor, he would probably expect a favor from the witness, and that he was willing to assist the bank in its business. The result was the witness kept the accounts of Staab & Co. at the bank for a couple of months, and then changed his accounts, because Raynolds insulted him. Again, witness says he thought Mr. Raynolds would hurt his business by having a certain individual as director in the bank. After this,—he thinks in December,— Mr. Raynolds met him in the street, and said: "Spitz, your brother left my bank; I will have to charge you again $200 a month rent." He says: "I tried to show Mr. Raynolds that he was not doing right in having a certain individual there as director in the bank, and that some of his customers had already left it, and the substance of Raynolds' answer was that he was conducting the bank to suit himself;" and after some further remarks, the witness says he left the house, and took his account to another bank. Jefferson Raynolds, one of the plaintiffs in the district court, testified that defendant Spitz spoke to him about the rents in April, 1884, when witness told him that he would take the reduction of rent under consideration, and that he never had any further conversation with Mr. Spitz on the subject till October, and says: "I was passing his store one day, and he called me in, and the question of the reduction of rent came up, and I told him that as he had a large acquaintance among the native population, and stood very high with his Israelite friends, that perhaps he could indirectly benefit us by using his influence in soliciting business for the bank, and if he would agree to do that, I would reduce the rent to $150 per month. The defendant said I would see how faithfully he would perform his part of the proposition; that he had a large acquaintance, and that he was prepared to work for the bank, if I would reduce the rent. I then said to Mr. Spitz, as he was keeping part of his account at the Albuquerque National Bank he would have to agree to do all his business with us, which he agreed to do." The defendants paid the rent

over for the month of October, and on the 1st day of December the plaintiff accepted the $150 per month as the rent of November. The witness, N. C. Raff, testified that Spitz said to him that he (Spitz) "did not propose to pay $200 a month, and there was no use in presenting the bill."

The first point made by the defendants upon the evidence is that the court erred in refusing to instruct the jury as requested by the defendants in their first, second, and third requests. These requests were to the effect that the agreement to reduce the rent of the premises rescinded the existing contract between the parties, and created an entirely new agreement, under which rent could only be recovered from the defendants at the rate of $150 per month, and that no action could be maintained for the rent reserved in the old agreement. In the case of *Kirchner* v. *Laughlin, ante,* 218,[1] (decided at the present term of court,) the plaintiff declared on the written contract, as an inducement to the subsequent parol contract which he sought to enforce, and the action was sustained. There was evidence before the court and jury in that case that the written contract was rescinded. In the case at bar the plaintiffs declared upon the written contract as their cause of action, and not upon any subsequent agreement to reduce the rent. Whether there was a parol contract or not was a question of evidence, and not of pleading, as the case was presented. We find no error in the refusal of the court to instruct the jury as above requested.

The second point relied upon by defendants to reverse the judgment is that the court refused to charge the fifth request made by the defendants. This request was to the effect that the burden of proof was upon the plaintiffs, and that they must establish their case by a preponderance of evidence. The instructions asked by the plaintiffs and given by the court, and the further instructions given by the court, were, in substance, that the burden of proof as to the modified agreement was upon the defendants, and if they failed to perform the agreement, to find for the plaintiffs the rent due on the lease. 1 Greenl. Ev. §§ 74, 76; *Spann* v. *Baltzell,* 46 Amer. Dec. 354. The burden of proving that the contract was changed was on the defendants, but the burden of proof on the whole case was upon the plaintiffs, and it was necessary for them to satisfy the jury from the evidence that they were entitled to recover rent according to the written lease. *Powers* v. *Russell,* 13 Pick. 76; *Burnham* v. *Allen,* 1 Gray, 500; *Eaton* v. *Alger,* 47 N. Y. 351.

The case appears to have been fairly submitted to the jury under the instructions of the court, and it being their province to weigh the evidence, and to reconcile any conflicting statements of the witness, it was not, under the circumstances, required of the court to inform the jury more fully than was done by the instructions given on which side the burden of proof belonged. The jury found, on the plaintiffs' theory of the case, that the agreement to reduce the rent to $150 per month was conditional. On that theory, no other change was made in the written contract. It differed only in the mode of paying the rent. The patronage of the defendants and their friends in their dealings with the plaintiffs' bank seems to have been regarded by the parties as the equivalent of the payment in money, and which the plaintiffs were willing to accept as a substitute. So long as the defendants complied, they were entitled to the benefit of the agreement to reduce the rent to $150. *Spann* v. *Baltzell,* 46 Amer. Dec. 347; *Bailey* v. *Johnson,* 9 Cow. 115; *Cummings* v. *Arnold,* 3 Metc. 492.

Judgment affirmed.

LONG, C. J., and HENDERSON, J., concur.

[1] Same case, 17 Pac. Rep. 132.