[Civ. No. 2400.   First Appellate District.—June 12, 1918.]

ERNEST N. SMITH, Appellant, v. W. G. MACDONALD, Respondent.

CONTRACT — ACKNOWLEDGMENT AND PROMISE TO PAY INDEBTEDNESS — COVENANT NOT TO SUE—MORAL OBLIGATION.—A written acknowledgment and agreement to pay an indebtedness providing that it is part and parcel of the acknowledgment that it shall be void should legal steps of any kind be taken to force payment, or should the indebt-

edness be transferred without the permission of the debtor, is a valid and enforceable covenant not to sue, and the promise to pay constitutes merely a moral obligation.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. E. P. Shortall, Judge.

The facts are stated in the opinion of the court.

Denson, Cooley & Denson, for Appellant.

Louis Ferrari, for Respondent.

KERRIGAN, J.—This is an appeal from a judgment sustaining a demurrer to the complaint, without leave to amend. The action was based upon a written instrument which the trial court held to constitute only a moral obligation. The instrument reads as follows:

"May first, 1912.

"I, W. G. Macdonald, hereby acknowledge my indebtedness to Ernest N. Smith in the sum of five thousand dollars ($5,000).

"I agree to pay Ernest N. Smith interest at the rate 7% per annum on this amount ($5,000) with the understanding that the indebtedness may be retired in installments; in the event that installments are paid interest is to be computed only on balance due.

"In view of the fact that W. G. Macdonald and Ernest N. Smith were equal partners in the Macdonald Sales Company up to the signing of this acknowledgment and attached agreement, and that W. G. Macdonald voluntarily agreed to release Ernest N. Smith from his partnership with attending possibilities of considerable financial loss, and agrees to pay Ernest N. Smith ultimately a sum considerably greater than his actual partnership interest, it is part and parcel of this acknowledgment of indebtedness that it shall be void should legal steps of any kind be taken to force payment, or should the indebtedness be transferred without the permission of W. G. Macdonald.

"(Signed) W. G. MACDONALD.

"Accepted:

"(Signed) ERNEST N. SMITH."

We think the clause in this unusual document, that if suit should be brought to enforce collection the obligation shall be void, is a valid and enforceable covenant not to sue, and that the promise to pay the sum agreed constituted merely a moral obligation.

The parties to this agreement were of age and of competent understanding; and as the contract appears to have been freely and voluntarily entered into, and is one that is not against public policy in any respect, it should be upheld. It would be a grave injustice to defendant to hold that an action would lie to enforce the payment of the amount mentioned in this instrument, when it appears that a part of the consideration for the promise to pay was the stipulation on the part of the payee that the obligation should be void if suit should be brought thereon. The right to enforce any obligation which the plaintiff may have had against the defendant was his, and he could do with it as he saw fit—could agree to relinquish it or insist on preserving it. Whichever course plaintiff deemed proper to adopt was no matter of public concern, and affects no question of public policy. (*Gitler* v. *Russian Co.,* 124 App. Div. 273, [108 N. Y. Supp. 793] ; 9 Cyc. 335; *Richardson* v. *Thomas,* 28 Ark. 387.)

In the case of *Barnard* v. *Cushing,* 4 Met. (Mass.) 230, [38 Am. Dec. 362], the payee of a note, at the time it was signed by the maker, indorsed thereon a promise not to compel payment thereof, but to receive payment when convenient for the maker to pay. At page 235 of the opinion the court used the following language: ''The result is that no action can be maintained upon this promise. Taking it with all its stipulations, it is only an honorary engagement—a memorandum by which the promisees may remind the promisors of the honorary obligation outstanding against them.''

In Greenhood on Public Policy and the Law of Contracts, page 469, it is said: ''An agreement by which a creditor deprives himself of the power to enforce a debt, but confides the question of payment to the discretion of the debtor, is not void.''

In *Nelson* v. *Van Bonnhorst,* 29 Pa. St. 352, the court, in passing upon a similar case, said: ''If it is reasonable for a man to release a debt altogether, surely it is reasonable to release the remedies of a debt, not itself released, which is done in covenants not to sue; and even if it be not reasonable, we

cannot set up our reasons or the public reasons for that of the contracting parties, and make a contract for them that is contrary to their plain intention, without violating the first principles of freedom and the very nature of contract relations. We cannot read this contract as a legal obligation, as the remedy to enforce the obligation is by mutual consent withheld; thus the obligation is merely a moral one.''

The judgment is affirmed.

Beasly, J., *pro tem.*, and Zook, J., *pro tem.*, concurred.