YONKERS RAILROAD COMPANY, Plaintiff, *v.* CITY OF YONKERS and Others, Defendants.*

Supreme Court, Westchester County, September 11, 1926.

Municipal corporations — bus lines — taxpayer's action to restrain sale of bus line franchises separately in city of Yonkers — certain objections by defendant overruled on appeal in case involving prior orders — provision of ordinance granting right to reject any or all bids if city is not reasonably satisfied with good faith of bidder is illegal and will be ignored — provision in ordinance that bidder will waive all objections to illegality is void but does not authorize restraint of sale — privilege of renewal for ten years not objectionable — right of recapture not objectionable — compensation clause is not improper — forfeiture clause is not illegal — indefiniteness of route not ground for restraining sale.

In a taxpayer's action to restrain the city of Yonkers from granting consents to operate motor buses over certain routes as the result of a sale of the routes separately, certain objections made by the plaintiff were overruled by a prior decision of the Appellate Division in a case involving an ordinance governing the same situation, and such action by the Appellate Division is binding here in so far as it applies to similar objections made to the present ordinance.

A provision in the ordinance that the common council will reserve the right to reject any and all bids if not reasonably satisfied with the good faith, responsibility and legal capacity of the bidder or bidders, is illegal under section 37 of the Second Class Cities Law for the disposition of a franchise must be at public auction to the highest bidder under proper regulations as to security and is subject to the approval of the board of estimate and apportionment, but while the provision has no proper place in the ordinance, it is so patently illegal that its presence does not constitute a ground for restraining the sale of the franchises.

It is not a good ground for objection to the sale of the franchises that the bidder expressly waives any and all objections to the reasonableness or legality of any provision of the contract or as to the power of the city to enter into the contract, for while the provisions are illegal, their illegality is so clear that they must be considered as not being in the ordinance and do not authorize a restraint of the sale on that ground.

A provision for the renewal of the franchises at the expiration of ten years is not objectionable, for a renewed contract would not extend over the maximum statutory period of fifty years.

It is not a valid objection to the sale of the franchises that the city of Yonkers has the right to recapture the franchise for the purpose of municipal ownership, for the bidder in making his bid does so with that in mind.

The provision for compensation to the city,. while not perfectly clear as to its meaning, evidently was intended to mean that the bus operator should pay to the city the amount of his bid percentage of gross receipts or income as defined in that clause, and that such percentage is to be computed on an amount which shall bear to the gross receipts the same proportion as the mileage of his route in Yonkers bears to the total mileage of his route within and outside of the city.

* See, also, 128 Misc. 107.

The clause in the ordinance authorizing a summary forfeiture of the franchise does not justify restraining the sale of the franchises for, notwithstanding the fact that the forfeiture may be made summarily, still the courts will always be open to the holder of the franchise so that it may be protected in case the forfeiture is made arbitrarily.

The objection that the routes over which the buses are to be operated are so indefinite in their terms that a successful bidder cannot know the exact route or routes over which he will be allowed ultimately to operate, does not furnish a ground for restraining the sale, for it is impossible to determine prior to the sale the exact routes, since it is necessary for the successful bidder to procure a certificate of convenience and necessity from the Public Service Commission before it can know definitely the exact route over which it will be permitted to operate, and, therefore, the provision that a successful bidder must operate the route or a portion thereof for which a certificate of the Public Service Commission shall have been granted is a valid provision and will not tend to deter bidders or stifle competition on the sale.

MOTION by plaintiff for an injunction *pendente lite* restraining defendants from awarding franchises or consents for operation of motor-bus routes in Yonkers.

*Alfred T. Davison* and *Addison B. Scoville,* or the plaintiff.

*Arthur C. Hume, Joseph W. Bryan* and *Thomas F. Sullivan,* for the defendant City of Yonkers.

*Robert M. Clark,* for Merchants' Community Bus Transit, Inc., *amicus curiæ.*

TAYLOR, J. This is a motion for an injunction *pendente lite* restraining the defendants from awarding certain franchises or consents for the operation of motor-bus routes in Yonkers. The plaintiff sues as a taxpayer to prevent the consummation by the defendants of a proposed official act alleged to be illegal, wasteful and injurious to the property and funds of the municipality (Gen. Mun. Law, § 51), and also in its capacity as a party alleged to be aggrieved by the prospect of certain proposed and threatened competition, which, being illegal, according to the plaintiff, would in effect be a continuing trespass upon its rights as an operator of railroads by lawful authority, within the municipality, resulting in damage to the plaintiff. There is no doubt of plaintiff's standing as a taxpayer to maintain this action. (See *Yonkers R. R. Co.* v. *City of Yonkers,* 214 App. Div. 479.) I determine that it has such standing also by reason of the threatened competition, assuming that that competition will be illegal. Sufficient appears in the papers to establish that Yonkers is in need of some additional transit facilities. In order to procure the same the common council on two occasions has passed ordinances looking to the sale of franchises for bus operation.

On July 16, 1926, it duly adopted, and thereafter the mayor

duly approved, the ordinance now under attack, by which it is proposed to sell separately at public auction, to the highest bidder, the franchise to operate a bus line over each of fifteen proposed routes. The ordinance is one step in the endeavor of the municipality to comply with the statutes relating to franchises for bus operation. (See Pub. Serv. Comm. Law, § 53, as amd. by Laws of 1921, chap. 134, § 33; Transp. Corp. Law, § 25, added by Laws of 1913, chap. 495, § 1, and as amd. by Laws of 1915, chap. 667, § 1, and § 26 thereof as added by Laws of 1915, chap. 667, § 2, and amd. by Laws of 1919, chap. 307; also Second Class Cities Law, § 37.)

In 1925 the common council passed a similar ordinance which provided for the sale, in one group, of thirteen franchises. This plaintiff then brought an action to restrain such proposed sale. Upon this application an injunction *pendente lite* was granted. Upon the city's appeal from the Special Term order, it was unanimously affirmed by our Appellate Division. (*Yonkers R. R. Co.* v. *City of Yonkers, supra.*) Mr. Justice Jaycox's opinion, which was that of the court, as I read it, indicates that the only grounds assigned specifically for the affirmance were: (a) That the questioned ordinance violated section 37 aforesaid because the said franchises were not offered for sale separately — a circumstance which he held restrained competition in the bidding. He cited and followed *Beekman* v. *Third Ave. R. R. Co.* (13 App. Div. 279, 284; affd., 153 N. Y. 144). And (b) it was held that the ordinance likewise failed to comply with that part of the statute providing that "additional rights or extensions in the street or streets in which the said franchise exists" may be granted, because it was therein provided that the city reserved the right to require the extensions of route "or the addition of new routes" upon the same terms. This feature the learned justice also condemned. (See 214 App. Div. 483.) The opinion, while not expressly deciding other objections, which I find the plaintiff urged, contains this rather significant statement (214 App. Div. 480): "The only question involved in this action is as to the manner of sale provided for in the ordinance; that is, can thirteen bus routes be grouped and sold at one time for one bid, or does that form of sale necessarily result in a restraint upon competition and the lowering of the price bid."

I respectfully differ with the learned counsel for the plaintiff as to his assertion in the brief that said opinion condemned the ordinance because of the uncertainty as to the exact route over which a successful bidder might operate ultimately — although it is true that such uncertainty was the subject of comment. (214 App. Div. 480.) Upon the argument there, other objections,

including some here urged against the validity of the present ordinance, were presented by the plaintiff to the court, and the brief of the respondent there, in point II thereof, urged with considerable emphasis the objection hereinafter referred to as to the lack of definite and certain description of the routes or portions thereof over which a successful bidder would be permitted or required to operate, and the claim was made that such provision would deter proposed bidders from bidding and prevent competition at the auction. The plaintiff, indeed, claims that this last mentioned objection was disposed of in its favor by the Appellate Division, but as to that, as indicated, I do not agree with its learned counsel. The plaintiff claims that all of the objections (except those specifically disposed of) are still in full vigor and may be urged upon the present application. The defendants, however, insist that such other objections have been overruled, at least by necessary implication, in the opinion of the Appellate Division (214 App. Div. 479). The defendants, to my mind, are correct in their said contention. It is to be noted that the two objectionable features of the former ordinance, as specified by Mr. Justice JAYCOX, do not characterize the ordinance here involved.

Notwithstanding the appellate court's opinion and the implications which I think flow therefrom, in view of the importance of the case to the parties and to the community of Yonkers, and in view, also, of the commendable zeal of counsel in their endeavor to assist me in arriving at a proper conclusion, I will discuss and dispose of the specific objections here urged in the complaint, as briefly as possible, although not in the exact order in which they are urged by the plaintiff:

(a) It is objected that the common council reserves the right to reject any and all bids if not reasonably satisfied with the good faith, responsibility and legal capacity of the bidder or bidders. The plaintiff is correct in its contention that such clause has no foundation in the statute (section 37, *supra*), because the disposition of a franchise must be " at public auction to the highest bidder, under proper regulations as to the giving of security and after public notice," as specified in the statute. Clearly the common council has no discretion and must award the franchise, as far as the council is concerned, to the highest bidder complying with its regulations as to security. (*Trojan R. Co. v. City of Troy,* 125 App. Div. 362; affd., 195 N. Y. 614.) Additional protection to the municipality is provided in the further provision of section 37, in effect, that the franchise cannot be completely awarded to the highest bidder until the board of estimate and apportionment has approved, after the council has acted. (§ 37, *supra*.) I sus-

tain the contention of the plaintiff that the clause referred to has no proper place in the ordinance. I determine, however, that it is so patently illegal that its presence does no harm and should not result in an injunction restraining the sale. If the common council makes an award to any bidder except the highest one, the latter will have a clear legal right to the award, and his remedy will be by mandamus.

(b) It is objected that according to the ordinance the submission of a bid is to be regarded " as the express acceptance by said bidder of the conditions and recitals of this ordinance and of the contract hereinbefore recited as though the same were embodied specifically in each bid," and objection is further made to the express waiver by the bidder in the proposed contract, of any and all objections to the reasonableness or legality of any of the provisions of the contract, or any part thereof, or as to any legal right or authority of the city to impose any terms and conditions contained in the contract, it being further provided that the bus operator will not in the future set up the claims that any of the provisions of the contract are *ultra vires*, unreasonable or void.

While the clauses referred to, I think, are subject in several respects to just legal criticism, nevertheless, where they are objectionable from a legal standpoint, they are so plainly objectionable that their illegality does not, in my opinion, furnish sufficient ground for restraining the sale. By bidding under the terms and recitals of the ordinance, I think it is clear that the bidder, as a matter of law, accepts such conditions in so far as they are legal and valid, even in the absence of a provision to that effect. As to his proposed agreement not to set up subsequently *ultra vires*, and to refrain from urging later on that any of the provisions of the proposed contract are legally void, such an agreement, in my opinion, would be against public policy. The clauses suggesting it will, therefore, work no detriment to any bidder. The court will not enforce an executory agreement by a bidder which is to the effect that he will not hereafter make these contentions, and that he will refrain from asking the court to pass upon them. (For principle, examine *Hurley* v. *Allman Gas Engine & Machine Co.*, 144 App. Div. 300.) While I determine that the plaintiff is right in criticizing the features of the ordinance referred to under this subdivision, for the reasons indicated, I will not stay the sale because thereof.

(c) The plaintiff also objects to the privilege given in the ordinance and proposed contract for the renewal of a given franchise awarded, for an additional period of ten years, upon paying certain compensation, the minimum of which is provided for, such com-

pensation to be ascertained in a suggested manner.  The plaintiff's contention is that this renewal privilege, in effect, gives another franchise for an additional period of ten years without the same being disposed of at public auction to the highest bidder.  I see no objection to such a sale.  No statutory provision prevents it. (§ 37, *supra*.)  The maximum statutory period of fifty years is not exceeded by the proposed original franchise and the possible renewal for a term of ten years.

(d) Objection is also made that the franchises are indefinite and uncertain because at the end of the franchise period, or any time thereafter, the city of Yonkers shall have the right to recapture the same " for the purpose of municipal ownership and operation, or otherwise."  It is urged that no bidder will or can know prior to such sale, or even prior to nine years thereafter, the length of time of the franchise for which he is bidding.  This is undoubtedly so, and he will make his bid accordingly.  If awarded the franchise, he is assured of the original ten years thereof.  I determine that the feature specified does not present a valid objection.

(e) The ordinance *inter alia* provides (see clause 3 of the proposed contract): " The bus operator shall pay the percentage bid of such amount of the gross income in the same proportion or ratio to the bus mileage within the city as to the total bus mileage wherever operated by the said bus operator."

Standing alone, I admit that the meaning of such clause is obscure.  Read, however, with the context of the clause of the proposed contract designated as " Third — Compensation," I determine that it, with sufficient, even if not much clearness, suggests an agreement by the bus operator to pay to the city the amount of his bid percentage of gross receipts or income as defined in that clause, and that such percentage is to be computed on an amount which shall bear to the gross receipts the same proportion as the mileage of his route in Yonkers bears to the total mileage of his route within and outside of the city.  I overrule the plaintiff's objection upon this ground.

(f) Clause 28 of the proposed contract relating to the forfeiture of franchise routes, in my opinion, presents no valid objection.  It is true that according to the terms thereof the successful bidder is to agree to a rather summary forfeiture by the city, without proceedings at law or equity, in the event of the franchise holder's default, as therein specified.  The plaintiff fears that bidders will be deterred because, under the clause, the city may arbitrarily or without just or any reason declare the franchise forfeited.  An intimation is made that resort to the courts could not be had in

such an event. I think the mere statement of that proposition shows that the argument is not substantial. In such an event the court, undoubtedly, would intervene to protect the rights of the franchise holder thus wrongfully trampled upon. The suggestion that a bidder cannot know whether the franchise which may be awarded to him may be forfeited at any time by a capricious or unreasonable action of the common council is likewise without foundation. I am sure that the learned counsel for the plaintiff in such a situation would be among the first to urge that such action should be enjoined. If the clause in question is viewed as an attempted waiver by the franchise holder of his right to resort to the courts for protection, it is on its face void as against public policy. (See for principle, *Insurance Co.* v. *Morse*, 87 U. S. [20 Wall.] 445; 22 L. Ed. 365; *National Contracting Co.* v. *H. R. W. P. Co.*, 192 N. Y. 209, 221; *Gitler* v. *Russian Co.*, 124 App. Div. 273.)

(g) The plaintiff urges that the franchises to be sold, the proposed routes in general, and in particular certain specified routes, are so indefinite in their terms that a successful bidder cannot know the exact route or routes over which he will be allowed ultimately to operate — this because it cannot be known in advance whether all, or, if not all, how much of a given route, will be approved by the Public Service Commission, to which the successful bidder must resort for a certificate of convenience and necessity. (Transp. Corp. Law, § 26.) I admit that he cannot know in advance. The statute (§ 37, *supra*) makes it incumbent upon the applicant to apply for and receive his franchise from the local authorities in advance of an application to the Public Service Commission for a certificate of public convenience and necessity. I think that this circumstance makes necessary and reasonable the terms of the ordinance suggesting that a successful bidder must operate the route or a portion thereof for which the certificate of the Public Service Commission shall have been granted. I do not see in what other practicable way the ordinance can be worded in this respect. Assuming that the question is still open, I determine that this feature will not tend to deter bidders or stifle competition. In addition, I regard this question as no longer an open one. (*Yonkers R. R. Co.* v. *City of Yonkers, supra.*) Mr. Justice JAYCOX said (214 App. Div. 480): " As it cannot be known at the time of the sale just what routes the Public Service Commission will approve, and as the bidder binds himself to operate such routes as may be approved, all bidders will be limited in their bids to an amount that the least lucrative of the routes will justify. The sale is but one step in the process of procuring the right of operation. In addition to procuring the franchises from the city the purchaser

must procure from the Public Service Commission a certificate of convenience and necessity. (Pub. Serv. Comm. Law, § 53, as amd. by Laws of 1921, chap. 134; Transp. Corp. Law, § 25, added by Laws of 1913, chap. 495, as amd. by Laws of 1915, chap. 667; Id. § 26, as added by Laws of 1915, chap. 667.) Until that certificate is obtained there is no way of determining what routes the purchaser will be permitted or required to operate."

I think that by necessary implication our Appellate Division has approved the portion of the ordinance objected to, which is practically the same as a similar provision in the former ordinance. (See 214 App. Div. 481.) Mr. Justice JAYCOX's statement that the only question involved in the former action was as to the manner of sale provided for in the ordinance fortifies this view. (214 App. Div. 480.) Holding it, I deem it unnecessary to discuss those authorities cited in plaintiff's counsel's brief in relation to what he terms the basic principles applicable to public bidding, which bidding must be taken in such form as in good faith to invite competition, and in relation to plans and specifications, upon which bids are invited, being so definite and fair to bidders that full and free competition will be obtainable and will not be stifled. (See Dillon Mun. Corp. [5th ed.] § 807; *Gage* v. *City of New York*, 110 App. Div. 403; *Hart* v. *City of New York*, 201 N. Y. 45; *Grace* v. *Forbes*, 64 Misc. 130; *Kuhn* v. *City of Buffalo*, 84 id. 157.) None of the cases just referred to, however, present the exact situation which is present in the case at bar, and in my opinion each is distinguishable therefrom. I find that most, if not all, of these authorities were in the plaintiff's brief submitted to the Appellate Division upon the appeal in the other case. If they had been deemed controlling in plaintiff's favor there, I think that some suggestion to that effect would have been found in the opinion.

I hold that the said objection is without force and does not present a feature which would place a restraint upon competition and result in a lowering of the prices bid. In addition, it cannot be assumed that the Public Service Commission will grant a certificate for a portion of the given route the operation of which by the holder of the certificate would be impossible from a financial standpoint. This would be contrary to the spirit and purpose of the statute. (See *Matter of Buffalo, Rochester & Eastern R. R. Co.*, 1 N. Y. [2d Dist.] P. S. C. Rep. 532, 605, 612; 3 id. 55, 93, 94, 113, 114.)

I have stated, possibly at too great length, my views upon the various objections urged. I determine that each and all of the said objections are insufficient to warrant injunctive relief. Nothing in this memorandum will in any way prejudice before the Public

Service Commission any right which any party to the action has, or any successful bidder may acquire; and each such party or bidder is entitled to urge his or its rights before the Public Service Commission, upon an application made by any successful bidder to the Public Service Commission, for a certificate under section 26 of the Transportation Corporations Law; nor is anything herein to be considered as indorsing the suggestions contained in the opposing papers, to the effect that plaintiff is actuated by any but proper motives in protecting its claimed rights in the interests of its stockholders and (if it has any) its bondholders and general creditors. I think, also, that its objections to the former ordinance, upon which the Appellate Division held it invalid, presented substantial matters for the consideration of that court rather than technical ones, as the defendants' learned counsel intimates. The same suggestion applies in the main to the objections urged by the plaintiff to this ordinance; one objection in particular; that relating to the uncertainty as to the ultimate routes is peculiarly within the realm of debate, although I determine that the defendants are right about it. One cannot read the papers on the instant motion without receiving the impression that each side is properly zealous in its own interests, and also not unmindful of the rights of the opposing side. The questions involved are of such importance that it is probable that the *status quo* of the matter ought to be maintained, at least in part, pending a review of this determination by the plaintiff, if the plaintiff is advised to review it. In the event of an appeal I will be pleased to hear counsel upon the question of a stay of the common council's proceedings pending such appeal, which application, if made, will be made on notice.

The motion for an injunction *pendente lite* is denied, with ten dollars costs to defendants to abide the event of the motion. Settle order on notice.